JAMES P. BURROUGHS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. This case distinguished from the case of Cohron vs. The State, 20 Ga. R., 752.
2. A new trial granted on the ground that one of the jury was over sixty years of age, and the fact unknown to the prisoner and to his counsel until after conviction.

Murder, in Chatham Superior Court. Tried before Judge FLEMING, at May Term, 1862.

James P. Burroughs was put upon his trial for the murder of Thomas Carmody, and the jury returned a verdict of voluntary manslaughter. Whereupon his counsel moved the Judge for a new trial on the following grounds:

1st. That the verdict rendered in said case is contrary to law.

2d. That the verdict rendered in said case is contrary to the evidence.

3d. That the verdict rendered in said case is contrary to the weight of evidence, and to the law applicable to the case upon such evidence.

4th. Because the verdict was rendered by only eleven jurors, one of the twelve empanelled, John Pournel, being incompetent and disqualified by the laws of the State, he

being over sixty years of age, which fact was unknown to the prisoner and his counsel until after the trial and rendition of the verdict.

STATE OF GEORGIA, CHATHAM COUNTY.

Personally appeared William Law and Thomas E. Loyd, counsel for James P. Burroughs, in the case of The State vs. James P. Burroughs, tried upon an indictment at the present May Term, 1862, of Chatham Superior Court, for the murdering of Thomas Carmody, who being duly sworn, deposeth and says, that they were ignorant of the fact that John Pournel, one of the jury in the above entitled case, was over sixty years of age, until after the trial and rendition of the verdict.                                                    WM. LAW,
                                                    THOS. E. LLOYD.
Sworn to before me, this 31st day of May, 1862.
       WM. H. BULLOCH, Clerk, S. C. C. C.

.Personally appeared James P. Burroughs, the defendant in the case mentioned in the foregoing affidavit, who being duly sworn, saith that he was ignorant of the fact that the said juror, John Pournel, was over sixty years of age, until after the trial and rendition of the verdict in the above case.
                                            J. P. BURROUGHS.
Sworn to before me, this 31st day of May, 1862.
              WILLIAM H. BULLOCH, Clerk S. C. C. C.

STATE OF GEORGIA, CHATHAM COUNTY.

Personally appeared John Pournel, who being duly sworn, deposeth and saith, that he was empanelled as one of the jurors in the case of the State vs. James P. Burroughs, charged with the offence of murder, which case was tried at the present term of Chatham Superior Court—that he was one of the twelve jurors by whom the verdict was rendered, and this deponent further saith, that he is sixty-six years of age.
                                            JOHN POURNELL.
Sworn to before me, this 30th day of May, 1862.
       PHILIP M. RUSSELL, J. P.

5th. Because of the discovery of new and important testimony since the trial, being the testimony of William L. Hewlet, as to the character for violence of the deceased, Thomas Carmody.

THE STATE *vs.* JAMES P. BURROUGHS.    *Chatham Superior Court.   Charge Murder.   Verdict Voluntary Manslaughter.*

Personally appeared James P. Burroughs, who being duly sworn, deposeth, that for nearly fifteen months after his examination before the Justice upon the above charge, he was confined in the jail of Chatham county, and that since his release therefrom he has made every effort in his power to discover witnesses who would prove the violent character of the deceased, Thomas C. Carmody, when he was intoxicated, and that he did not hear that William L. Hewlett, whose affidavit is herewith submitted, could give the testimony in his said affidavit disclosed, until after his trial was had, and a verdict rendered.   That deponent heard during the progress of the trial that said Hewlett could give some testimony as to the character of Carmody, and issued a subpœna for him, but was unable to obtain his testimony in time.

J. P. BURROUGHS.

Sworn to before me, this 31st day of May, 1862.
WM. H. BULLOCH, Clerk S. C. C. C.

STATE OF GEORGIA, CHATHAM COUNTY.

Personally appeared William L. Hewlett, who being duly sworn, deposeth and saith, that he knew Thomas Carmody in his lifetime well.   That he once drew a pistol upon this deponent without any reason, that the pistol was taken away from him, and he taken away.   That Carmody met deponent next morning, and apologized for his conduct the night before, and stated to deponent that when he was intoxicated he would kill anybody, if it was his father.   His reputation was that of a dangerous man when drunk.

WILLIAM L. ⋈ HEWLETT.

Sworn to before me, this 30th day of May, 1862.
THOS. E. LLOYD, Not. Pub., C. C.

The second and third grounds in the motion having been abandoned, it is not necessary to set out the evidence here. The presiding Judge refused the motion on all the grounds taken, and counsel for plaintiff in error excepted, and assigns the same as error.

There was evidence offered to the jury to show the dangerous and violent character of deceased when intoxicated.

LLOYD, LAW & LOVELL, for plaintiff in error.

HEIDT, Solicitor General, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The first, second and third grounds of the motion for a new trial were abandoned in the argument.

The fifth (newly discovered evidence) was properly overruled by the Court below, the evidence being merely cumulative.

The fourth alone remains to be considered, viz:

"That the verdict was rendered by only eleven jurors, one of the twelve empanelled being incompetent and disqualified by the laws of the State, he being over sixty years of age, which fact was unknown to the prisoner and his counsel until after the trial and rendition of the verdict."

1. Our learned brother, whose judgment we have under review, having made a very able and satisfactory argument in favor of a new trial on this ground, felt himself constrained to refuse it, by the ruling of this Court in Cohron vs. The State, 20th Ga. R., 752. In that case, a new trial was sought on the ground (among others) that one of the jurors was over sixty years of age; but there was no averment, verified in the usual way, that the fact was unknown to the prisoner and his counsel until after verdict, which distinguishes that case from this. Here, the fact, and the ignorance of prisoner and his counsel that it existed, are both sufficiently averred and verified. The absence of the latter averment is noticed in the opinion delivered in Cohron vs. The State. It is true the *reasoning adopted,* in that case, makes the averment of such

ignorance immaterial—holds the prisoner bound to challenge the juror, when presented, whether he knew or did not know that the cause existed. But we must look to the case in which the judgment was made. The *judgment* was, that a new trial be not granted in *that case;* which was that of a new trial asked, because one of the jury was over sixty years of age, unaccompanied by the averment that that fact was unknown to the prisoner and to his counsel until after verdict. In all such cases, Cohron vs. The State, is authority; but so much of the opinion as applies to cases in which the age of the juror is unknown to them, is *obiter.* It would be very unsafe to make any case controlling authority for a subsequent one, clearly distinguishable from it by material facts, upon which arise questions incapable of being legitimately raised in the former. With what face could the counsel for plaintiff in error in Cohron vs. The State have enforced the claim for a new trial, by reason of the fact that the alleged disqualification was unknown? The fact was not in the case. The argument would have been *dehors* the record; and for the same reason the opinion upon it was *obiter.* This distinction must have been recognized by this Court in Brown vs. The State, 28th Ga., 439. There, a new trial was granted, because one of the jurors was cousin to the prosecutor, and the fact was unknown to the prisoner and his counsel until after conviction. Both cases were tried under the Act of February 9, 1856; but in the later case no reference is made to the earlier as controlling it. An attempt is made to distinguish the cases, in that, in one the objection to the juror is *propter defectum,* and in the other *propter affectum,* but we hold, that the Act of February, 1856, places all the causes of challenge enumerated in the first and seventh sections, in the same category, and as regards them abolishes that distinction.

The decisions of this Court, referred to in the Act of December 9, 1858, and in section 210 of the Code, are its conclusions of law upon the facts presented by the record in each case, and not opinions upon facts *dehors* the record. They do not, therefore, require us, in this case, either to follow the opinion in Cohron vs. The State, or to overrule the case.

2. The first section of the Act of 1856, page 229, describes persons "qualified and liable to serve as jurors upon the trial of criminal cases." The result is, that those not therein described are neither liable nor qualified. A part of the description is persons "who have arrived at the age of twenty-one years, and not over sixty years." Those, then, over sixty years of age are disqualified. The third section, providing for summoning tales jurors, directs that they be taken "impartially from the citizens of the county, *qualified as aforesaid.*" With the wisdom of this disqualification we have no concern. *Ita lex scripta est,* and it is conceded, that had the prisoner said, when the juror Purnell was presented: "I will not be tried by this man, because he is over sixty years of age," the Court must have responded : "Pass the juror by; it is the prisoner's legal right." But it is insisted for the State that the challenge must be made when the juror is presented to the prisoner, and cannot afterwards be entertained. This question was made in Brown vs. The State (*supra;*) indeed, that case turned upon it, and the decision was that when the cause of challenge was unknown to the prisoner and his counsel until after conviction, a new trial should be granted. This ruling is certainly sustained by the weight of authorities, irrespective of the statute, and we think the construction given to it is reasonable and consonant with justice. See 2d Seammon, p. 476, and the authorities there cited.

The prisoner may fairly presume, in the absence of any knowledge or information, that the State has empanelled and presents to him only qualified jurors. If he chance to know the contrary of any juror, it is his duty to make it known when he is presented; otherwise, he will be held to have consented to waive the disqualification, and will not after verdict be permitted to retract his waiver. But if the juror be accepted by the prisoner in ignorance of the disqualification, the error was committed by the State in offering him, and its consequences should not be visited upon the accused.

Upon this ground, therefore, we reverse the judgment of the Court below, and order that a new trial be had.

Let the judgment be reversed.