## CARTER *vs.* THE STATE.

CARTER *vs.* THE STATE. Jurors. Qualification. Practice. Continuance. New trial. Cumulative evidence.

Blandford, J.—The main question in this case is whether a person over sixty years of age is qualified to serve on the grand jury.

The act of 1799, Cobb's digest 455, fixes the qualification as of male persons between the ages of twenty-one and sixty years. The act of 1805, Cobb's digest 549, provided that the justices of the inferior court, together with the sheriff and clerk, should meet at the court house to select from the books of the receiver of tax raturns fit and proper persons to serve as grand jurors. There is nothing in this act said that such persons should be under sixty years of age. This law continued in force until the passage of the act of 1863, when it was declared that the names of all the citizens of the counties over the age of twenty one

years, who were not physically and mentally unable to serve on juries, be placed in the jury box. This act expired by its own limitation on the termination of the war. Acts of 1863 and '4, pp. 42 and 43. The act of February 28, 1856, (acts of 1855 and 1856, p. 229,) prescribed the qualifications of jurors for the trial of criminal cases to be not under twenty-one and not over sixty years of age, and made it a ground of challenge if the juror had not these qualifications; but it did not in any manner proscribe the qualifications of grand jurors, and the case of Burroughs *vs* the State, in 33 Ga., 403, was placed by Judge Jenkins on the ground that it was a criminal case, and, therefore, fell within the provisions of this last act. Thus the law stood until the adoption of the Constitution of 1868. That constitution abolished the distinc-tinction between grand and petit jurors. It furthermore declares that the General Assembly shall provide by law for the selection of upright and intelligent persons to serve as jurors. The only qualification for a juror is to be an upright and intelligent person. Constitution of 1868, art. 6, sec. 13. The act of 1869, pp. 139, 140, to carry this clause of the constitution into affect, prescribes no other qualifications for jurors than that prescribed by the constitution, but provides for the mode and manner in which the jury boxes shall be made up. So at this time the law did not disqualify a person over sixty years of age from serving on the grand or petit jury. The act of 1875, p. 98, exempted all persons from service on juries, over sixty years of age, but it has a proviso that such persons shall not be disqualified from serving on juries when they are willing to serve.

It is argued here that this act is unconstitutional because the pro-viso is matter different from its title. We do not think so. The title is to "exempt persons over the age of sixty from jury duty." The subject-is the exemption of certain persons from jury duty, and a proviso that the exemption should not amount to a disqualification if such person was willing to serve is germane to the subject matter, and is covered by the title. There is nothing in the constitution of 1868 and laws passed thereunder which disqualifies a person over the age of sixty from serv-ing on the jury. How does the law stand as to the Constitution of 1877 and the acts passed thereunder? It is declared in art. 6, sec. 18 of this constitution " that the General Assembly shall provide by law for the selection of the most experienced, intelligent and upright men to serve as grand jurors, and intelligent and upright men to serve as traverse ju-rors. Nevertheless, the grand jurors shall be competent to serve as traverse jurors." There is nothing in this constitution that prescribes as a qualification for a grand juror that he should be under the age of sixty. The act of 1878 (acts of 1878–'9, p. 27), to carry into effect this

clause of the constitution, prescribes no other qualification for jurors than that contained in the constitution. Code §3010.

Thus, it will be seen that, since the Constitution of 1868 and the passage of the acts to carry the same into effect, and the passage of the act of 1875 before referred to, that there can be no doubt as to the qualification of a person over sixty years of age to serve on the jury, and this is strengthened by the constitution of 1877 on this subject and the acts to carry the same into effect. In Doyal's case, 70 Ga., 134, this court merely held and decided that a person over sixty years of age, who was put upon the prisoner and claimsd his exemption, and who was excused by the court, that it was not error on the part of the court in excusing the juror. The question as to the qualification of the juror was not before the court. All difficulty or doubt on this subject was created by the compilers of the codes of 1873 and 1882, by inserting a paragraph preceding the acts of 1869 and 1878, in which they prescribed the qualification of jurors, and referred to the constitutions of 1868 and 1877 as authority for said paragraphs, when the constitutions not only did not furnish any grounds for said paragraphs, but, as we have seen, are to the contrary. So we hold that a person over sixty years of age is qualified and competent to serve on the jury, if he does not object; and the court below committed no error in thus ruling.

It is claimed that the court committed error in refusing to continue the case after the special plea in abatement had been overruled by the court upon demurrer. Upon what law or rule this claim is based is unknown to this court. The case had been called for trial. The plea of abatement had been swept out of the way by the court's having sustained the demurrer thereto. Nothing remained but to try the accused upon the charges in the indictment against him, which was done, and there is no error in this proceeding,

A new trial was prayed, upon the further grounds of newly discovered evidence, and that the verdict of the jury is contrary to law and evidence. The newly discovered evidence is cumulative, and tends only to impeach or contradict the State's witnesses, and this court has frequently held that such newly discovered evidence will not work a new trial. The evidence in the case abundantly sustains the verdict.

Judgment affirmed.