of the freight, etc. No better tribunal to pass upon it than a jury can well be found, subject to the review of the court to see that the evidence is sufficient to sustain and support their finding.

Some discussion arose upon the point whether there could be any recovery at all, if the cotton eventually brought enough to pay the defendants in error the full market price, if it had been delivered with dispatch, no matter when delivered, free of all expenses; and upon which party rested the *onus* to show what the cotton did sell for and realize clear of expenses; but the court below passed upon no such point, and we forbear to investigate and adjudicate it, as we are only a reviewing court.

The judgment is reversed because the court erred in admitting and declining to rule out evidence touching the private arrangement of defendants in error to sell the cotton over market price, to which the carrier was no party and of which it was ignorant.

Judgment reversed.

See cited for plaintiff in error, Code, §§3073, 2944; 71 *Ga.*, 518.

For defendants, Code, §2073; 32 *Ga.*, 400; 58 *Id.*, 180; 60 *Id.*, 180; 32 Am. R., 342; 7 *Id.*, 405; 5 *Id.*, 83; 25 *Id.*, 452; 50 Am. Dec., 579; Mayne on Dam., sec. 382; 9 Ex., 341; 47 Am. R., 737.

## CARTER *vs*. THE STATE OF GEORGIA.

1. A person over sixty years of age is qualified and competent to serve on the grand jury, if he does not object. The right to claim an exemption on account of being more than sixty years of age is a privilege, not a disqualification.
2. After a special plea to an indictment had been stricken on demurrer, there was no reason for continuing the case, and it was proper to proceed to a trial on the merits.
3. Newly discovered evidence, which is merely cumulative and tends

only to impeach or contradict the state's witnesses, will not require a new trial.

(*a.*) The verdict is sustained by the evidence.

October 20, 1885.

Jury and Jurors. Pleadings. Indictment. Continu-ance. Evidence. Verdict. Code. Before Judge HUTCHINS. Walton Superior Court. February Term, 1885.

Oscar E. Carter was indicted for using opprobrious words without lawful provocation. He filed a plea in abatement, on the ground that six of the grand jury who found the in-dictment were over sixty years of age. This plea was overruled on demurrer. The defendant then asked that the case be continued, which was refused, and he was re-quired to plead generally to the indictment.

After a verdict of guilty, the defendant moved for a new trial, assigning each of the rulings stated above as erron-eous, and also on the ground that the verdict was contrary to law and evidence, and because of newly discovered evi-dence. (This was cumulative and tended to impeach and contradict the testimony for the state.)

The motion was overruled, and the defendant excepted.

Jos. H. FELKER, for plaintiff in error.

E. T. BROWN, solicitor general, by WALTER R. BROWN for the state

BLANDFORD, Justice.

1. The main question in this case is whether a person over sixty years of age is qualified to serve on the grand jury.

The act of 1799 (Cobb's Digest, 455) fixed the qualifica-tion as of male persons between the ages of twenty-one and sixty years. The act of 1805 (Cobb's Digest, 549) pro-vided that the justices of the inferior court, together with the sheriff and clerk, should meet at the court-house to select from the books of the receiver of tax returns fit and

proper persons to serve as grand jurors. There is nothing in this act said that such persons should be under sixty years of age. This law continued in force until the passage of the act of 1863, when it was declared that the names of all the citizens of the counties over the age of twenty-one years, who were not physically and mentally unable to serve on juries, be placed in the jury-box. This act expired by its own limitation on the termination of the war. Acts of 1863–4, pp. 42, 43. The act of February 28, 1856 (Acts of 1855 and 1856, p. 229), prescribed the qualifications of jurors for the trial of criminal cases to be not under twenty-one and not over sixty years of age, and made it a ground of challenge if the juror had not these qualifications; but it did not in any manner prescribe the qualifications of grand jurors; and the case of *Burroughs vs. The State*, in 33 *Ga.*, 403, was placed by Judge Jenkins on the ground that it was a criminal case, and, therefore, fell within the provisions of this last act. Thus the law stood until the adoption of the constitution of 1868. That constitution abolished the distinction between grand and petit jurors. It furthermore declares that the general as_ sembly shall provide by law for the selection of upright and intelligent persons to serve as jurors. The only qualification for a juror is to be an upright and intelligent person. Constitution of 1868, art. 5, sec. 13. The act of 1869, pp. 139, 140, to carry this clause of the constitution into effect, prescribes no other qualifications for jurors than that prescribed by the constitution, but provides for the mode and manner in which the jury-boxes shall be made up. So, at this time, the law did not disqualify a person over sixty years of age from serving on the grand or petit jury. The act of 1875, p. 98, exempted all persons from service on juries, over sixty years of age, but it has a proviso that such persons shall not be disqualified from serving on juries when they are willing to serve.

It is argued here that this act is unconstitutional, because the proviso is matter different from its title. We do not

think so. The title is to "exempt persons over the age of sixty from jury duty." The subject is the exemption of certain persons from jury duty, and a proviso that the exemption should not amount to a disqualification if such person was willing to serve is germane to the subject-matter, and is covered by the title. There is nothing in the constitution of 1868 and laws passed thereunder which disqualifies a person over the age of sixty from serving on the jury. How does the law stand as to the constitution of 1877 and the acts passed thereunder? It is declared in article 6, sec. 18 of this constitution, "that the general assembly shall provide by law for the selection of the most experienced, intelligent and upright men to serve as grand jurors, and intelligent and upright men to serve as traverse jurors. Nevertheless the grand jurors shall be competent to serve as traverse jurors." There is nothing in this constitution that prescribes as a qualification for a grand juror that he should be under the age of sixty. The act of 1878 (Acts of 1878-9, page 27), to carry into effect this clause of the constitution, prescribes no other qualification for jurors than that contained in the constitution. Code, §3010.

Thus it will be seen that, since the constitution of 1868, and the passage of the act to carry the same into effect, and the passage of the act of 1875 before referred to, there can be no doubt as to the qualification of a person over sixty years of age to serve on the jury, and this is strengthened by the constitution of 1877 on this subject and the act to carry the same into effect. In *Doyal's* case, 70 *Ga.*, 134, this court merely held and decided that, when a person over sixty years of age was put upon the prisoner and claimed his exemption, and was excused by the court, it was not error on the part of the court in excusing the juror. The question as to the qualification of the juror was not before the court. All difficulty or doubt on this subject was created by the compilers of the Codes of 1873 and 1882, by inserting a paragraph pre-

ceding the acts of 1869 and 1878, in which they pre-scribed the qualification of jurors, and referred to the con-stitutions of 1868 and 1877 as authority for said paragraphs, when the constitutions not only did not furnish any grounds for said paragraphs, but, as we have seen, are to the contrary. So we hold that a person over sixty years of age is qualified and competent to serve on the jury, if he does not object, and the court below committed no error in thus ruling.

2. It is claimed that the court committed error in refus-ing to continue the case after the special plea in abate-ment had been overruled by the court upon demurrer. Upon what law or rule this claim is based is unknown to this court. The case had been called for trial; the plea of abatement had been swept out of the way by the court having sustained the demurrer thereto. Nothing remained but to try the accused upon the charges in the indictment against him, which was done, and there is no error in this proceeding.

3. A new trial was prayed, upon the further grounds of newly discovered evidence, and that the verdict of the jury is contrary to law and evidence. The newly discovered evidence is cumulative and tends only to impeach or con-tradict the state's witnesses, and this court has frequently held that such newly discovered evidence will not work a new trial. The evidence in the case abundantly sustains the verdict.

Judgment affirmed.