## BERRY et al. v. JORDAN et al.

1. When there are two conflicting sections in a code, and both are derived from legislative acts, that section prevails which is derived from the later act, such being considered the last expression of the lawmaking power on the subject.
2. When an affidavit of illegality is returned to a county court for trial, no notice of the time and place of hearing need be given to the party filing the affidavit.
3. There was no error in refusing to grant the injunction.

Submitted November 28, — Decided December 21, 1904.

Petition for injunction. Before Judge Lewis. Jasper superior court. July 11, 1904.

*W. T. Davidson*, for plaintiffs.

*F. Jordan & Son* and *W. F. Jenkins & Son*, for defendants.

COBB, J. Upon the foreclosure of a mortgage upon personalty an execution for $110.50 was issued, returnable to the county court. The defendant interposed an affidavit of illegality, and the papers were returned to the county court for trial. At the next succeeding quarterly term of the court, which was more than ten days after the papers had been returned, the case was called, and there being no appearance for the defendant, the affidavit of illegality was dismissed. The execution was proceeding, when the defendant filed a petition praying for an injunction to restrain a sale of the property. The ground upon which the injunction was sought was that at the time the affidavit of illegality was dismissed, the defendant had not been given ten days notice of the time and place of the hearing of the illegality. The injunction was refused, and the applicant excepted.

1. The county court, as organized under the act of 1872 (Acts 1871–2, p. 288), was not a court holding its sessions at stated times or terms. Suit was begun by a summons, which not only stated the nature of the plaintiff's demand, but also fixed the "time and place in the county" for the trial; the judge being expressly authorized to hold the court at the court-house, or any other place in the county. The term of the court was not fixed by law, but it was fixed by a summons in each case. It was therefore necessary, under such a scheme, that when an affidavit of illegality was interposed, the time and place of hearing should

be fixed by the judge, and the act provided that no illegality should be disposed of until the county judge had given "ten days notice of the time and place of hearing." The act of 1879 (Acts 1878–9, p. 132) made radical changes in the constitution, jurisdiction, and procedure of the county court. It declared that the court should be held at the court-house, or where the superior courts are usually held in the county, and that the court should hold its sessions monthly and quarterly, according to the character of the case to be tried. It was provided that when an affidavit of illegality was filed, the case arising thereon should not, as against the plaintiff in execution, be forced to trial until he or his attorney should have had ten days notice of such defense being made. The present code requires the court to be held at the court-house, unless impracticable from any cause, when the same may be held at some other place in the county site, after the prescribed notice has been given. Civil Code, § 4181. Under the original scheme, when the law fixed no time or place for the hearing of any case, but both were to be fixed by the judge as each case arose, notice of the time and place of hearing to both parties was necessary. But when the law fixes both the time and place for the hearing of every case that could come before the court, no notice as to either is necessary to be given to a party who is the movant in the case. The law charges him with such notice when he files his proceeding, and therefore the only notice necessary under the new law is to the one against whom the proceeding has been brought. Hence the law provides that when an illegality is filed the case shall not be forced to trial until the plaintiff in execution has had ten days notice of the defense — not of the time and place of hearing — but of the fact that such defense has been filed. When an illegality has been interposed to the levy of an execution, it is the duty of the officer to return all the papers for trial to the next term of the court from which the execution issued, and the case stands for trial at the first term. Civil Code, § 4738. The provision of the act of 1872, in reference to giving ten days notice of the time and place of hearing of illegalities, appears in the present code. Civil Code, § 4206. And the provision of the act of 1879, which prevents an illegality case from being forced to trial as against the plaintiff in execution, until there has been ten days notice given, also appears in the code. Civil Code,

§ 4201.   It seems that the conflict between the two sections in reference to this matter is no less than the conflict between the two schemes in the different acts.   The conflict in the two sections being irreconcilable, and both being derived from legislative acts, the section which is taken from the act of the later date is to be deemed the law, as being the last legislative expression on the subject.   *Lamar* v. *Allen*, 108 *Ga.* 165.   Applying this rule, the procedure prescribed in section 4201, which is taken from the act of 1879, and is entirely consistent with the scheme of that act, is the law to be followed, and the rule laid down in the last sentence of section 4206, which is derived from the act of 1872, and is wholly inconsistent with the scheme of the later county-court act, is no longer of force.   There was no error in refusing to grant the injunction prayed for.

*Judgment affirmed.·   All the Justices concur.*