<hr/>

## STATEN *v.* THE STATE.

1. Where there are two conflicting sections in a code, both derived from legislative acts, and the code has been adopted by an act of the legislature, that section prevails which is derived from the later act, such being considered the last expression of the lawmaking power on the subject.

2. Accordingly, where an act of the legislature declared that a man over sixty years of age was disqualified to perform jury service, and a later act declared that one of that age was exempt from jury duty if he should claim the exemption, but that he was not disqualified should he choose to serve, and both acts were subsequently embodied in a code which was adopted by the General Assembly in one and the same act as an entire body of the laws of the State, the later act will govern. The fact that a petit juror in a criminal case is over sixty years of age is not ground of challenge for cause.

DECEMBER 9, 1913.

Question of law; from Court of Appeals (5053).

*F. W. Copeland* and *George G. Glenn*, for plaintiff in error.

*Sam P. Maddox, solicitor-general,* contra.

FISH, C. J. The Court of Appeals has certified to the Supreme Court the following question, a decision of which is found by that court to be necessary to a determination of the case: "Is the fact that a petit juror in a criminal case is over sixty years of age ground of peremptory challenge? In this connection attention is especially called to the following decisions of the Supreme Court (as well as to other rulings of the Supreme Court on the same subject), with the request that this court be advised whether there is any irreconcilable conflict in these decisions, and, if so, which of them states the correct rule that should be followed: *Cohron* v. *State,* 20 *Ga.* 760; *Thomas* v. *State,* 27 *Ga.* 287; *Burroughs* v. *State,* 33 *Ga.* 408; *Doyal* v. *State,* 70 *Ga.* 142; *Carter* v. *State,* 75 *Ga.* 750."

In regard to the empaneling of a jury to try one indicted for a felony, the Penal Code (1910), § 999, declares: "On calling each juror, he shall be presented to the accused in such a manner that he can distinctly see him, and then the State, or the accused, may make either of the following objections, viz.:

"1.   That he is not a citizen, resident in the county.

"2.   That he is over sixty or under twenty-one years of age.

"3.   That he is an idiot or lunatic, or intoxicated.

"4.   That he is so near of kindred to the prosecutor, or the accused, or the deceased, as to disqualify him by law from serving on the jury."

This section is a codification of the act of 1856 (Acts of 1855-6, p. 229), and was embodied in the Code of 1863 and all subsequent codes, of which those of 1863, 1895, and 1910 were adopted by the General Assembly. The constitution of 1868, article 5, section 13, in effect, abolished the distinction between grand and petit jurors, making the only qualification of a juror that he be an upright and intelligent person; and the act of 1869 (Acts 1869, pp. 139, 140), to carry into effect the provision of that constitution, prescribed no other qualification for jurors than that named in the constitution, but provided for the mode and manner in which jury-boxes should be made up. So at that time "the law did not disqualify a person over sixty years of age from serving on the

grand or petit jury." *Carter* v. *State,* 75 *Ga.* 747, 749. In 1875 (Acts 1875, p. 98) an act was passed declaring, "That, from and after the passage of this act, all persons in this State over the age of sixty years shall be exempt from service as jurors: Provided, that this act shall not disqualify such persons from serving as jurors when they are willing to serve." The provisions of this act appeared in subsequent codes and are now contained in the Penal Code (1910), § 871, the language of which is: "The following persons shall be exempt from all jury duty, civil and criminal. . . All male persons over sixty years old. . . Nothing herein contained shall be construed to work a disqualification of any of the classes named, or to exclude them from the jury-box." The constitution of 1877 (art. 6, sec. 18, par. 2 Civil Code, § 6546), declares that "The General Assembly shall provide by law for the selection of the most experienced, intelligent, and upright men to serve as grand jurors, and intelligent and upright men to serve as traverse jurors. Nevertheless the grand jurors shall be competent to serve as traverse jurors." The act of 1879 (Acts 1878-9, p. 171), like the act of 1875, exempted from jury duty "all male persons over sixty years old," but provided that nothing contained in the act should be construed to work a disqualification of any of the classes named therein, or to exclude them from the jury-box. The substance of this act is also to be found in the Penal Code (1910), § 871. The act of 1892 (Acts 1892, p. 61), codified in sections 819 and 820 of the Penal Code of 1910, provided for the selection of grand and traverse jurors, making up jury-boxes, how juries should be drawn, and that grand jurors may serve as traverse jurors. The act of 1911 (Acts 1911, p. 72) also recognizes the fact that grand jurors may serve as traverse jurors.

It is clear that there is an irreconcilable conflict between the act of 1856, embodied in the Penal Code (1910), § 999, making the fact that a juror is over sixty years of age cause for challenge, and the later acts above referred to, embraced in the Penal Code (1910), sections 871, 819, 820, to the effect that a juror over sixty years of age may claim exemption from jury service but is not disqualified from performing such service. The question therefore arises, what is the law as to the matter contained in the conflicting sections of the code? Other courts have adopted different methods for arriving at the intention of the legislature in such a case, or in determin-

ing which section shall govern. And the fact that chapters of a code were adopted separately and on different dates by the legislature has led to the ruling by some courts that the section in a chapter adopted at the later date will prevail over a conflicting section of a chapter previously adopted, even though the code as a whole was to take effect at a subsequent fixed time; while other courts, in the case of irreconcilable conflict in two sections of a code, have held the last in numerical order to be the law. The codes of this State which have been adopted by the General Assembly have been adopted in their entirety as a body of laws by a single legislative act. This court, for the purpose of determining what the statutory law is when two sections of the code adopted by the legislature are in irreconcilable conflict, has adopted the following rule: "Where there are two conflicting sections of a code, and both are derived from legislative acts, that section prevails which is derived from the later act, such being considered the last expression of the lawmaking power on the subject." *Berry* v. *Jordan,* 121 *Ga.* 537 (49 S. E. 607). See also *Lamar* v. *Allen,* 108 *Ga.* 158 (33 S. E. 958); *Puryear* v. *Farmers Mutual Ins. Asso.,* 137 *Ga.* 579, 580 (73 S. E. 851). This is in line with decisions of some of the other courts on the same question. See 1 Lewis' Suth. Stat. Const. (2d ed.) § 281, and cases cited in note 54. Applying this ruling to the case in hand, it follows that section 999 of the Penal Code (1910), a codification of the act of 1856, declaring the fact that a juror is over sixty years of age is a disqualification and therefore cause for objection by either party, must yield to section 871 of the same code, which is a codification of later acts as hereinbefore stated, and which declares that a person over sixty years of age is exempt from jury duty if he chooses to claim the exemption, but is not disqualified to serve if he is willing to do so. Accordingly, the fact that a petit juror in a criminal case is over sixty years of age is not ground of challenge for cause.

In view of what we have said and the ruling made, it may not be necessary to answer the remaining portion of the question propounded by the Court of Appeals, that is, whether there is any irreconcilable conflict in the decisions referred to in the question, and, if so, which shall prevail. However, we will examine such cases. In *Cohron* v. *State,* 20 *Ga.* 752, a ground of the motion for

a new trial was that one of the jurors, naming him, who tried the accused, was over sixty years of age, which fact was not known to counsel for accused until after such juror was sworn in chief. It was not pretended that the accused himself did not know before the juror was sworn in chief that he was over sixty years of age. It was held: "The objection that a juror is over sixty years, if tenable at all, is a disqualification which must be shown before he is sworn in chief, and is no ground for a new trial after verdict; especially if the fact was known to the defendant beforehand." So the ruling in effect was, that, even if the juror was disqualified, no timely objection as to his disqualification was raised. It is not out of place to quote some of the remarks in reference to the act of 1856 made by the distinguished jurist who pronounced the opinion in that case. He said: "I have intimated a doubt, whether this [the fact that a juror was over sixty years of age] be a disqualification. I know that the act of February, 1856, professes to define who are both *qualified* and liable to serve as jurors in criminal cases; and declares that all free white male citizens who have arrived to the age of twenty-one years, *and not over sixty,* residents in the county where the trial is to be had, and not being idiots or lunatics, shall be *qualified* and liable to serve as jurors upon the trial of all criminal cases. Did that statute intend to classify persons over threescore years with infants, as having reached their second dotage? Nay, worse—degrade them to the intellectual level of idiots and lunatics? Rampant and reckless as Young America may be, I can hardly believe that such was the meaning of the 'reverend, grave, and potent seniors' who enacted this law. Surely its reputed author did not design to commit *felo de se* by superannuating himself. This *may* constitute a good objection, if taken in time. It can never be allowed as a sufficient ground to grant a new trial." We might in this connection recount the wonderful achievements made by men above threescore years of age in all professions, businesses, and vocations, both in ancient and modern times; but we desist, as it must be known by all sensible persons that the mere fact that a man is over sixty years of age is not a sound reason for holding him mentally incapable of discharging the duties of a petit juror. However, if the General Assembly, in its wisdom, should pronounce him disqualified, and the act remain in force, the courts would have to bow to the existing law on the subject.

In *Thomas* v. *State,* 27 *Ga.* 287 (4), it was held: "A juror may be disqualified and set aside for cause, on the ground that he is over age, after the statutory questions have been propounded to him, provided the State has not been prejudiced by the irregularity." In that case a juror over sixty years of age was timely objected to on the ground of his age and consequent disqualification, and the objection overruled by the trial court. It was held that this was error, and that the objection should have been allowed; the opinion being rendered by the same able judge who spoke for the court in *Cohron's* case, supra. It will be observed that there is no conflict in the actual rulings made in the two cases above referred to. In *Burroughs* v. *State,* 33 *Ga.* 403, the ruling made was distinguished from that in *Cohron's* case, and a new trial was "granted on the ground that one of the jury was over sixty years of age, and the fact unknown to the prisoner and his counsel until after conviction." That case was decided in the superior court at the May term, 1862, and decided by this court at the January term, 1863. In *Doyal* v. *State,* 70 *Ga.* 134, it appears that when the jurors were called and before they were empaneled and put upon the prisoner, the court inquired if any of them had excuses to offer why they should not serve. One Kinard, who was on the jury, offered no excuse at that time, but remained on the panel put upon the prisoner until his name was reached and called, when he stated to the court that he was over sixty years of age and desired to be excused. Whereupon the court granted his request. He was challenged by neither the State nor the prisoner. The prisoner alleged that Kinard was an acceptable juror, and that the prisoner had exhausted all his challenges but one in order to reach him. These facts he made known to the court and protested against Kinard being excused; but notwithstanding this the court held him to be incompetent and excused him, to which ruling of the court the prisoner excepted. This court, in the opinion rendered in the case, said: "That a person over sixty years of age is not a qualified juror is evident from the very words of the Code, § 4681, par. 2; and it has been held that it is the duty of the court, if apprised of the fact in time, to excuse him. *Cohron* v. *The State,* 20 *Ga.* 752, *Burroughs* v. *The State,* 33 *Ib.* 403." This decision was rendered at the February term, 1883, although the act of 1875, embodied in the same Code, § 3939, declared:

"The following persons are also exempt [from jury duty] . . . All persons in this State, over the age of sixty years, shall be exempt from service as jurors: provided, this section shall not disqualify such persons from serving as jurors when they are willing to serve." The court did not refer to the section of the code just quoted, nor does it appear that the point was made that it governed, by reason of the fact that its provisions were enacted in 1875, while the section of the code upon which the decision was based was founded upon the act of 1856. However, the ruling made was not in conflict with the decisions in *Cohron's* case and that of *Burroughs,* but they were expressly cited as authority on the point decided. In *Carter* v. *State, 75 Ga. 747,* it was held: "A person over sixty years of age is qualified and competent to serve on the grand jury, if he does not object. The right to claim an exemption on account of being more than sixty years of age is a privilege, not a disqualification." All of the statutes fixing the qualifications of jurors were cited and discussed, from the act of 1799 down to the date of the decision, which was rendered at the October term, 1885. The provisions of the constitution of 1868, as well as that of 1877, in reference to the qualifications of jurors, were also considered. In the opinion Justice Blandford said: "Thus it will be seen, that, since the constitution of 1868; and the passage of the act to carry the same into effect, and the passage of the act of 1875 before referred to, there can be no doubt as to the qualification of a person over sixty years of age to serve on the jury; and this is strengthened by the constitution of 1877 on this subject, and the act to carry the same into effect." He further said: "In *Doyal's* case, 70 *Ga.* 134, this court merely held and decided that, when a person over sixty years of age was put upon the prisoner and claimed his exemption, and was excused by the court, it was not error on the part of the court in excusing the juror. The question as to the qualification of the juror was not before the court." He further said: "All difficulty or doubt on this subject was created by the compilers of the Codes of 1873 and 1882, by inserting a paragraph preceding the acts of 1869 and 1878, in which they prescribed the qualification of jurors, and referred to the constitutions of 1868 and 1877 as authority for said paragraphs, when the constitutions not only did not furnish any grounds for said paragraphs, but, as we have seen, are to the contrary. So we hold

that a person over sixty years of age is qualified and competent to serve on the jury, if he does not object, and the court below committed no error in thus ruling." It is to be noted that neither the Code of 1873 nor that of 1882 was ever adopted by the General Assembly. While the ruling made in *Carter's* case was in conflict with the decisions in the cases of *Cohron, Thomas, Burroughs,* and *Doyal,* supra, it was in effect based upon the fact that the act of 1856, as codified, had been superseded by conflicting provisions on the same subject in subsequent constitutions and legislative enactments.                              *All the Justices concur.*