## WILLIAMS *v.* WESTERN & ATLANTIC RAILROAD CO.

1. Where suit was brought by a mother for the homicide of her son by a common carrier by railroad, the deceased son having been an employee of the railroad, and a demurrer was filed to the petition on the ground that the father was not joined with the mother and was a necessary party plaintiff to the action (there being no personal representative of the deceased) since the passage of the railway employers' liability act of 1909 (Civil Code (1910), § 2782), it was not error to sustain such demurrer.

2. Where two sections of the code are in conflict, both being taken from acts of the legislature, the one which is taken from the later act will prevail over the former, as the last expression of the lawmaking power on the subject.

NOVEMBER 13, 1914.

Action for damages. Before Judge Pendleton. Fulton superior court. January 14, 1914.

*Westmoreland Brothers,* for plaintiff.

*Tye, Peeples & Jordan,* for defendant.

HILL, J. Mrs. Jennie L. Williams brought suit against the Western and Atlantic Railroad Company, to recover damages for the homicide of her son. The defendant filed a demurrer in the nature of a motion to dismiss the petition. The demurrer denied the right of the plaintiff to maintain a cause of action, alleging that such right of action, if any, exists only in the personal representative of such deceased employee for the benefit of the surviving widow or husband or child or children of such employee; and if none, then of such employee's parents; and if none, then to the next of kin dependent upon such employee; provided that the party or parties for whose benefit recovery may be had may sue and recover in their own name or names in case no administrator or executor has been appointed at the time suit is filed. It appeared from the petition that the deceased was 19 years old at the time of his death. The court sustained the demurrer, but allowed the plaintiff five days within which to amend her petition to meet the grounds of the demurrer. The plaintiff amended her petition, alleging that the deceased died intestate, never having been married, and leaving no wife and no child, and that there had been no administration on his estate. There was no allegation in the petition, or in the amendment, that the father was dead. After the amendment was made the defendant renewed its demurrer and contended that the previous order on the demurrer and motion to dismiss was based

upon the ruling of the court that, under the provisions of section 2782 of the Civil Code of 1910, the mother of a deceased employee of a common carrier by railroad, suffering death while he is employed by such carrier, has no right of action in her name alone if the father of such deceased employee be alive; that, in the absence of an allegation that the father of the deceased employee was not living, the plaintiff had no legal right to proceed with the case in her name alone; and that the amendment did not meet the ruling of the court. The court sustained the demurrer and dismissed the case. To this judgment the plaintiff excepted.

The sole question is whether the mother can, under the foregoing statement of facts, sue alone for the homicide of her son. Until the act of 1909 (Acts 1909, p. 160, now embodied in the Civil Code, § 2782) section 4424 of the Civil Code provided that "A widow, or, if no widow, a child or children, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife; and if she leaves child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child." This section of the code provided who might recover for the homicide of a child—"A mother, or, if no mother, a father, may recover," etc.

But the legislature of 1909 passed an act which is now embodied in § 2782 of the Civil Code. This section deals with the subject of liability of a "common carrier by railroad" to employees, or the next of kin of such employees, in case of homicide or injury of such employees. That section, so far as material to here set out, is as follows: "Every common carrier by railroad shall be liable in damages to any person suffering injury while he is employed by such carrier, or, in case of death of such employee, to his or her

personal representative, for the benefit of the surviving widow . .,
or child, or children of such employee, and, if none, then of such employee's parents, and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc. "The measure of damage in case the injury results in death of the employee shall be that prescribed in sections 4424 and 4425: Provided that the party or parties for whose benefit recovery may be had under this and the five succeeding sections may sue and recover in their own name or names in the manner prescribed by section 4424, in case no administrator or executor has been appointed at the time suit is filed. By a comparison of the two sections it will be seen that section 4424 deals with suits brought for the homicide of husband, wife, parent, and child. Section 2782 deals more exhaustively with suits brought to recover damages for the homicide of or injury to employees of common carriers by railroad. Where suit is brought by the personal representative of the employee injured or killed, for the benefit of the surviving widow, or husband, or child, it is not necessary to allege dependency and contribution, as where suit is brought by the employee's parents, as in the former section of the Code. The legislature in passing the act of 1909 must have considered the provisions of section 4424 of the Code, for it expressly refers to that section twice by number. The act of 1909 provides that where the injury to the employee results in death, the measure of damages "shall be that prescribed in sections 4424 and. 4425," and also says, "Provided, that the party or parties for whose benefit recovery may be had under this and the five succeeding sections may sue and recover in their own name or names in the manner prescribed by section 4424, in case no administrator or executor has been appointed at the time suit is filed." The question of who may sue seems plain from the act of 1909. In case death results to an employee by a common carrier by railroad, who leaves no widow or child or children, primarily the personal representative of the deceased employee shall sue for the benefit "of such employee's parents," but it is further provided that the party or parties for whose benefit recovery may be had under this and the five succeeding sections *may* sue and recover in their own names in the manner prescribed by section 4424, in case no administrator or executor has been appointed at the time

suit is filed. It is argued that if the parents should be in a state of separation and one refused to join the other in such suit, that one could not sue alone, as the right to sue is in the "parents;" but it is sufficient to say that if such a contingency should ever arise, an administrator could be appointed, who could bring the suit "for the benefit" of such "parents."

The two code sections here being considered are in irreconcilable conflict. Under the view we take of section 2782, it completely changes the law as to who can bring suit against a common carrier by railroad in case of the homicide by the latter of an employee, as in the instant case. Under section 4424, the mother could sue, and, if no mother, the father, etc. Under section 2782 the personal representative can sue for the benefit of the employee's parents; but in case there is no personal representative at the time suit is filed, the parties for whose benefit recovery may be had *may* sue and recover in their own name or names, etc. It has been held by this court that where two sections of the code are derived from acts of the legislature, and are in direct conflict, the section which is taken from the later act will prevail, as being the last expression of the lawmaking power on the subject. *Berry* v. *Jordan,* 121 *Ga.* 537 (49 S. E. 607); *Puryear* v. *Farmers Mutual Ins. Assn.,* 137 *Ga.* 579 (73 S. E. 851). And see *Lamar* v. *Allen,* 108 *Ga.* 158 (33 S. E. 958); *Staten* v. *State,* 141 *Ga.* 82 (80 S. E. 850).

It follows from these authorities, and from what has been said, that the mother can not sue alone for the homicide of her son in this case; and that the court below did not err in sustaining the demurrer filed to the petition on this ground.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*