### THOMAS *v.* THE STATE.

1. The fact that a petit juror in a criminal case is over 60 years of age is not ground of challenge for cause.
2. The opinion which disqualifies a juror from sitting in a criminal case

depends on its nature and strength. Where a juror was put on the court as a trior, and the only evidence submitted to show his incompetency was that elicited from the juror himself, and from his examination it appeared that the juror had neither seen the crime committed nor heard any evidence on oath, and had no bias or prejudice against the accused, or fixed opinion as to the guilt of the accused which would not yield to the evidence and the instruction of the court, there was no abuse of discretion in holding the juror competent, although he may have said he "had a little opinion" about the case.

3. The solicitor has a right, in opening the case, to state in a general way the scope of the evidence he expects to introduce to establish the prisoner's guilt. In his opening address the solicitor should refrain from any denunciation of the particular crime, but his characterization of the offense with which the prisoner is charged as being a heinous one will not require a new trial.

4. In a prosecution for rape, the fact of the woman's having made complaint soon after the assault took place is evidence; the particulars of her complaint, however, can not be gone into, and she will not be allowed to name the prisoner as the person who committed the injury. But the allowance of testimony in this case that the alleged victim of the rape, in her complaint made a few minutes after the occurrence, named the offender, under the special facts, will not require a new trial.

5. Other grounds of the motion for new trial are without merit. The evidence is sufficient to sustain the verdict.

NOVEMBER 12, 1915.

Indictment for rape. Before Judge Graham. Wheeler superior court. September 8, 1915.

O. M. Duke, for plaintiff in error. Clifford Walker, attorney-general, W. A. Wooten, solicitor-general, and Mark Bolding contra.

EVANS, P. J. Doss Thomas was convicted of having carnal knowledge of Sallie King, a female, forcibly and against her will, and was recommended to the mercy of the court.

1. One of the jurors empaneled to try the defendant was peremptorily challenged, on the ground that he was over 60 years of age. The fact that a petit juror in a criminal case is over 60 years of age is not ground of challenge for cause. Staten v. State, 141 Ga. 82 (80 S. E. 850).

2. A juror, who was being examined on the voir dire, was asked: "Have you, from having seen the crime committed, or having heard any of the testimony delivered on oath, formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar?" to which the juror answered: "I can not say that I have. I have not heard any testimony." The juror answered the question, "Have you any prejudice or bias resting on your mind either for

or against the prisoner at the bar?" in the negative, and the question, "Is your mind perfectly impartial between the State and the accused?" in the affirmative. Whereupon counsel for the defendant moved to put the juror upon the court as a trior, when the following colloquy occurred: The court: "Have you formed and expressed an opinion as to the guilt or innocence of the prisoner at the bar from having heard any testimony delivered on oath or from having seen the crime committed?" A. "Not from having seen the crime committed nor from any evidence delivered on oath." The court: "Do you know whether or not you have formed and expressed an opinion from rumor or hearsay?" A. "Yes, sir; I think I have." The court: "Have you any settled conviction as to his guilt or innocence?" A. "No, sir." The court: "Any opinion about it that would not readily yield to testimony?" A. "No, sir." The court: "You have no settled opinion about it one way or the other?" A. "No, sir." Counsel for the defendant: "From rumor and otherwise, if you have formed and expressed an opinion as to the guilt or innocence of the prisoner at the bar, then your mind is' not perfectly impartial between the State and accused, is it?" A. "Yes, sir. I feel like it is." Counsel for the defendant: "After you have an opinion one way or the other, you yet say that your mind is perfectly impartial between the State and the accused?" A. "I said I had not heard any evidence on oath; according to the evidence that I have heard, knowing as much as I do know, having heard what I have heard, I am obliged to say that I have a little opinion on it." Counsel for defendant: "Have you an opinion?" A. "Yes, sir." Counsel: "Then there is some prejudice or bias on your mind either in favor of or against the prisoner at the bar, isn't there?" A. "No, sir, not a bit." Counsel: "Since you have an opinion, then your mind is not perfectly impartial between the State and the prisoner at the bar?" A. "Yes, sir, if I understand what the word means."

After this examination the court ruled that the juror was competent. From the examination it appeared that the juror had neither seen the crime committed nor heard any evidence delivered on oath; that he had no settled conviction as to the guilt or innocence of the accused, and that he felt that he could impartially pass upon the question of the defendant's guilt or innocence. The mere formation and expression of an opinion does not necessarily

render the juror incompetent; it depends more upon the character of the opinion than upon the formation and expression of it. Whatever opinion the juror may have formed was founded upon rumor, and the juror declared the opinion was not so fixed but that he was able to accord to the defendant a fair trial. There was no error in holding the juror competent. *Boon* v. *State,* 1 *Ga.* 631; *Wright* v. *State,* 18 *Ga.* 383.

3. In opening his case before the jury, before the introduction of evidence, the solicitor spoke of the heinousness of the offense of rape. Counsel for the defendant asked the court if the solicitor had the right to argue the heinousness of the offense in opening his case, to which the court replied that he had a right to state his case. Whereupon the solicitor again denounced the crime as heinous. Exception is taken to the characterization of the offense by the solicitor as being a heinous one, as calculated to deprive the defendant of a fair and impartial trial. A prosecuting attorney has a right, in opening his case, to state to the jury, in a general way, the character of the evidence that he expects to bring to the consideration of the jury to establish the defendant's guilt. In such opening the solicitor should refrain from denouncing the crime; but as the specific language used by the solicitor is not set out, we can not say that his characterization of the crime as a heinous one is such as tended to prejudice the rights of the defendant.

4. The alleged victim was sworn as a witness for the prosecution. She testified that ten or fifteen minutes after she had been ravished by the defendant she saw her mother and father, who were returning home, and she went to meet them. She was asked: "What did you tell them about?" A. "I told them Doss Thomas come there." Q. "What did you tell them about, and what did you refer to when you were talking to them?" A. "I was telling them how he done when he come in our house." Later on the father of the alleged victim, referring to the same conversation, was asked: "Who did she say raped her?" A. "Doss Thomas." Objection was made to this testimony, as being irrelevant and immaterial, and as being declarations made in the absence of the accused. After the alleged victim of a rape has testified to the commitment of the outrage upon her, it is competent for the prosecution to prove, in corroboration of her testimony as to the main fact, either by her or other witnesses, that recently after the per-

petration of the offense she made complaint to those to whom complaint of such an occurrence would naturally be made; but neither the details of the occurrence, nor the name of the offender, can be proved in that way. *Stephen* v. *State,* 11 *Ga.* 225; *Lowe* v. *State,* 97 *Ga.* 792 (25 S. E. 676). The testimony of the female, relating to her complaint to her father, did not go into particulars. She complained that she had been ravished; and it is permissible to prove this. The contention that all she should have been permitted to say in chief was that she complained, without stating the subject-matter of the complaint, deprives the rule of evidence of any value or significance. The basis of allowing testimony that the female presently complained of the outrage upon her person is that it illustrates the nature of the act as having been with or without her consent. If she be limited to saying that she made complaint, without in some way connecting the complaint with the act charged, such restricted statement would be meaningless. With respect to allowing the female and her father to testify that in her complaint she disclosed the name of the offender, the rule as above announced excludes the reception of this testimony. Nevertheless, under the facts of this case, where the testimony and the prisoner's statement concur that the defendant was the man who was present at the time and place of the alleged rape, the testimony being to the effect that the defendant had carnal knowledge of the female forcibly and against her will, and the defendant in his statement claiming that she consented to have intercourse with him though the act was not accomplished, we do not think the reception of the testimony should require a new trial.

5. Other grounds of the motion for new trial are without merit. The evidence is sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*