### MORRIS *v.* THE STATE.

ATKINSON, Presiding Justice. 1. "Where remarks are made by the trial judge to counsel in a criminal case in the hearing of the jurors, which counsel contend were of such a character as to prejudice the minds of the jurors hearing them against the cause of their client, they should either move for a postponement of the hearing in order that other jurors may be empaneled than those present when the remark is made, or, if the jurors have actually been selected and empaneled to try the particular case, a motion should be made to have a mistrial declared: and upon the judge's refusal to grant a motion of the character indicated, his ruling would be subject to review. Counsel, having failed to make such motion and having proceeded without objection with the trial, can not, after conviction, raise the question as to the prejudicial nature of the remarks complained of, in a motion for a new trial." *Perdue* v. *State*, 135 *Ga.* 277 (69 S. E. 184), and cit.

(*a*) Applying the foregoing to the instant case, the first special ground did not show cause for the grant of a new trial.

(*b*) The foregoing ruling does not mean that in the instant case the remarks by the court to the defendant's attorney were proper, or that they were not prejudicial.

2. A ground of the motion for a new trial complains that on the trial for murder the judge "omitted to charge or give in charge the definition of express malice." This ground, which should be complete within itself, fails to point out wherein the ommission to define express malice was prejudicial to the defendant, and is insufficient to present a question for decision.

3. The judge instructed the jury: "Malice shall be implied when no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." This charge was not erroneous, as contended, on the ground that the judge "did not tell the jury he was defining express malice, but merely told them that malice, without saying whether express malice or implied malice, shall be implied when no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart."

Nor was the charge objectionable on the ground that it was an intimation of an opinion that malice of some kind had been proved.

4. The statutory exemption from jury duty of persons over sixty years of age is personal, and may not be urged by a party to the case being tried. *Staten* v. *State*, 141 *Ga.* 82 (2) (80 S. E. 850). There is no statutory exemption from jury duty on account of sickness. Physical disability, if any, must depend on the condition of the juror in question. It does not appear that either of the jurors was erroneously held to be competent.

5. A witness on direct examination for the State, after having sworn that he testified in the preliminary trial, was asked: "Did you testify then as you are testifying now?" The attorney for the defendant objected "to that question, unless the solicitor calls to the witness's attention the identical part that he wants to know concerning his testimony, as it is unfair to the witness to ask that kind of question." The objection was overruled. There is no merit in assignment of error on this ruling.

6. Certain grounds are based on alleged newly discovered evidence. The accompanying affidavit of the attorney for the movant fails to show that the evidence was not discoverable before the trial by the exercise of ordinary diligence. Code § 70-204; *Jinks* v. *State*, 117 *Ga.* 714 (44 S. E. 814); *Redding* v. *State*, 183 *Ga.* 704 (189 S. E. 514). There was no accompanying affidavit of the defendant on that subject. In these circumstances, whether or not the alleged newly discovered evidence was impeaching or merely cumulative, or likely to produce a different result on another trial, it was not error to refuse a new trial on this ground.

7. The evidence was sufficient to support the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11939. NOVEMBER 27, 1937.

*W. C. Brinson, E. L. Rowland,* and *W. A. Dampier,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *J. Roy Rowland,* solicitor-general, *Ellis G. Arnall,* and *E. J. Clower,* contra.