## ATLANTA FINANCE COMPANY *v.* BROWN.

No. 12614. MARCH 13, 1939. REHEARING DENIED MARCH 24, 1939.

*John F. Echols,* for plaintiff in error.

*Noah J. Stone* and *John L. Cone,* contra.

*Victor K. Meador,* for persons at interest, not parties.

DUCKWORTH, Justice. The sole question presented by the record for determination is whether or not the plaintiff in error, who is licensed under the act of 1904 (Ga. L. 1904, p. 79), codified as chapter 25-2 of the Code, is required, when purchasing or taking an assignment of salary or wages, to conform to section 20 of the act of 1920 (Ga. L. 1920, p. 215, Code, § 25-319), with respect to giving notice as therein provided. While § 25-319, was enacted as a part of the act of 1920, which act had to do mainly with the small-loan business, yet this section is general in its terms and unlimited in its provisions for the giving of notice by the assignee of wages and salaries to the employer within five days from the date of such assignment; and this without respect to whether such purchaser or assignee is engaged solely or collaterally in the small-loan business, salary-buying business, or in any other line of business. As such a purchaser or assignee, he is subject to the terms and provisions of this law. The fact that the purchaser (plaintiff in error in the instant case) was licensed as a salary purchaser under the Code, chapter 25-2, in no wise exempts it from the provisions of § 25-319. *National Finance Co.* v. *Citizens Loan &c. Co.,* 184 *Ga.* 619 (192 S. E. 717). Whether or not the provisions of § 25-319, in view of the fact that they are general and not restricted to the small-loan business which was the main subject-matter of the act of which this

section is a part, violated art. 3, sec. 7, par. 8 (Code, § 2-1808) of the constitution, which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," if this attack had been made upon the act before its embodiment in the Code adopted by the legislature in 1933, it is not now open to that attack. *Huff* v. *Markham,* 70 *Ga.* 284 (2-a); *Parks* v. *State,* 110 *Ga.* 760 (2) (36 S. E. 73); *Daniel* v. *State,* 114 *Ga.* 533 (40 S. E. 805); *Barker* v. *State,* 118 *Ga.* 35 (2) (44 S. E. 874); *Kennedy* v. *Meara,* 127 *Ga.* 68 (56 S. E. 243); *Emory* v. *Grand United Order of Odd Fellows,* 140 *Ga.* 423 (3) (78 S. E. 922).

The defendant in error requests a review of *National Finance Co.* v. *Citizens Loan and Savings Co.,* supra, and bases his criticism upon language used in the opinion at page 621, as follows: "By section 25-208, any sale or assignment of wages or salary 'shall be governed in all respects by the provisions of this chapter,' meaning chapter 25 of the Code of 1933. A provision of that chapter is section 25-319." The language "meaning chapter 25 of the Code of 1933" should not have been used, for the simple reason that there is no chapter 25 of the Code of 1933. The further language, "A provision of that chapter is section 25-319," is incorrect, because § 25-319 is a part of title 25, chapter 3. We think it proper that these inaccurate statements in that decision be here corrected; but when these corrections are made the soundness of the judgment rendered is in no wise affected. The Code, § 25-208, declares: "Any sale or assignment of wages or salary, whether made for the purpose of securing a debt in existence before said assignment is made or for the purpose of procuring an advancement of money at the time the assignment is made, shall be governed in all respects by the provisions of this chapter." Apparently much confusion in determining the proper construction and application of §§ 25-208 and 25-319 is due to the fact that the former uses the word "chapter" and the latter, being no part of that chapter, deals with the same subject-matter. Section 5 of the act of 1904 (Ga. L. 1904, p. 79), from which § 25-208 is taken, uses the word "act," which was changed in the Code of 1910, § 3453, to the word "article," and again, in the Code, of 1933, to the word "chapter." At the time of the approval of the act of 1904 the provisions of that act did govern in all respects the sale or assignment of wages or

salary; likewise, at the time the Code of 1910 was adopted, the "article" of that Code which embraced section 3453 was the only law of this State regulating such business. The approval of section 20 of the act of 1920, which is now § 25-319, of the Code of 1933, added further provisions of law applicable to such transactions. The act approved March 24, 1933 (Ga. L. 1933, p. 31), adopting the present Code of Georgia, had the effect of enacting into one statute all of the sections of that Code. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (2) (31 S. E. 531); *Barnes* v. *Carter,* 120 *Ga.* 895, 897 (48 S. E. 387). Where two sections of the Code are found to be in irreconcilable conflict, and both sections are derived from acts of the legislature, this conflict must be settled by resort to the original acts from which the conflicting sections are derived, and that section which is derived from the later act of the legislature must control. *Berry* v. *Jordan,* 121 *Ga.* 537 (49 S. E. 607); *Staten* v. *State,* 141 *Ga.* 82 (80 S. E. 850); *Williams* v. *Western & Atlantic Railroad Co.,* 142 *Ga.* 696 (2) (83 S. E. 525). Applying this rule of construction, if there is conflict between §§ 25-208 and 25-319, the latter must control. It follows that the court erred in ruling that § 25-319 did not apply in the instant case, and in granting an injunction.

*Judgment reversed. All the Justices concur.*