## SOUTH GEORGIA MERCANTILE COMPANY *v.* LANCE; *et vice versa.*

1. The act of 1912 (Acts 1912, p. 144), regulating the rate of interest allowed on loans to be repaid in monthly installments, is not violative of article 1, section 4, paragraph 1, of the constitution of Georgia (Civil Code, § 6391), on the ground that it is a special law for which provision has been made by an existing general law.

2. Nor is the above act violative of article 3, section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), on the ground that the act contains matter different from that expressed in the title, and that the title is too indefinite to indicate the matters contained in the body of the act.

3. Nor is the act of 1912 violative of article 4, section 2, paragraph 1, of the constitution of the United States, on the ground that it denies to citizens of other States the right to lend money in this State to be paid back in monthly installments where interest is charged at the rate of six per cent. per annum or less for the entire period of the loan, and the principal and interest for the entire period of the loan are aggregated and divided into monthly installments.

4. Under the terms of the contract which is set out in the questions of the Court of Appeals, on failure of the debtor to pay three installments after they became due, the lender was not confined to the right to sue for such past installments, but was authorized to bring suit for the amount of the loan, with interest thereon.

(*a*) It elected to pursue this remedy, and thereby abandoned any other possible remedy which it might have had in regard to bringing suit.

(*b*) When the lender elected to pursue this remedy under the contract, it could not establish a basis involving the collection of interest at the

rate of twelve per cent., which was unlawful, but it could only sue for the amount with legal interest thereon from the date of the loan, crediting any payment made under the ordinary rule of partial payments.

JUNE 18, 1915.

The Court of Appeals certified to this court the following questions (in Cases 5578, 5579) :

"1.  Is the act of the General Assembly of Georgia, entitled 'An act to authorize any person lending money to be repaid on the installment plan to aggregate the principal and interest for the entire period of the loan at not exceeding six per cent. per annum for the entire time, and to take security therefor by mortgage, or title, or both, and to make such security valid, and such contracts not usurious, and for other purposes,' approved August 16, 1912 (Acts 1912, p. 144), unconstitutional and void for any of the following reasons named, to wit:

" (a)  Is the said act violative of article 1, section 4, paragraph 1, of the constitution of Georgia (Civil Code, § 6391), on the ground that it is a special law for which provision had been made by an existing general law, in that it applies only to persons, natural or artificial in this State, lending money to be paid back in monthly instalments, and allows such persons to charge a rate of interest greater than eight per cent., whereas, at the time it was enacted, general laws of Georgia (Civil Code, §§ 3426, 3427, and 3436) provided as follows: § 3426. 'The legal rate of interest shall remain seven per centum per annum, where the rate per cent. is not named in the contract, and any higher rate must be specified in writing, but in no event to exceed eight per cent. per annum.' § 3427. 'Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest.' § 3436. 'It shall not be lawful for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever.'

" (b)  Is the said act violative of article 3, section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), on the ground that the act contains matter different from that expressed in the title, and the title is too indefinite to indicate the matters

contained in the body of the act, in that the act authorizes any persons, natural or artificial, in this State, lending money to be paid back in monthly installments, to charge interest thereon at six per cent. per annum or less for the entire period of the loan, and divide the same into monthly installments, whereas the title of the act does not indicate that the said persons are to be allowed to aggregate the principal and interest for the entire period of the loan and divide the same into monthly installments?

" (c) Does the language of section 1 of the said act, which declares that 'any persons, natural or artificial in this State, lending money,' etc., mean that the rights and privileges granted by this act are confined to persons, 'natural or artificial *in this State*,' or that the rights and privileges thereby granted may be enjoyed by any persons, natural or artificial, who may lend money in this State, whether or not resident or domiciled in this State? If these rights and privileges are confined to persons resident or domiciled in this State, is the said act violative of article 4, section 2, paragraph 1, of the constitution of the United States, on the ground that it denies to citizens of other States the right to lend money in this State to be paid back in monthly installments where interest is charged at the rate of six per cent. per annum, or less, for the entire period of the loan, and the principal and interest for the entire period of said loan is aggregated and divided into monthly installments?

"2. In the event the Supreme Court shall answer, in response to the preceding question, that the act therein referred to is not unconstitutional and void for any of the reasons suggested, is the following contract non-usurious, legal, and enforceable, or is it usurious to the extent that it stipulates for interest in excess of eight per cent. per annum?

'State of Georgia, County of Chatham. Know all men by these presents, that John B. Lance, of the County and State aforesaid, acknowledged himself held and firmly bound unto the South Georgia Mercantile Company, a corporation of Savannah, Georgia, its successors and assigns, in the just and full sum of two thousand ($2,000.00) dollars, for the which payment, well and truly to be made, he binds himself, his heirs, executors, and administrators, firmly by these presents. The condition of the above obligation is such that whereas the said obligor has obtained a loan of one thou-

sand ($1,000.00) dollars from the said company, now know ye that if the above-named obligor or any one for him shall well and truly pay or cause to be paid to said company, at its place of business in Savannah, Georgia, on or before the last business day in each and every month, until sixty (60) monthly payments have fallen due and been paid, the sum of twenty-one and 66/100 ($21.66) dollars (which is made up of the sum of sixteen and 66/100 ($16.66) dollars as installments of principal and five ($5.00) dollars as installments of interest upon said loan), then this obligation to be void, else to remain in full force and virtue. It is further stipulated and agreed that the said loan may be repaid at any annual period from date hereof, written notice of an intention so to repay being given to the home office ninety days before such annual period; and upon any such settlement before maturity the basis of the settlement shall be computed as follows: The principal debt with interest thereon at the rate of twelve per cent. per annum, and allowing credit for all payments of installments of principal and interest upon loan, with interest thereon at the rate of twelve per cent. per annum from date of payment to said company, computed in accordance with the laws of the State of Georgia. And it 'is further stipulated and agreed that in the event the installments of principal and interest upon the loan are not paid promptly at the time stipulated in this obligation, that in the final settlement at maturity the basis shall be the principal debt with interest thereon at the rate of twelve per cent. per annum from date of payment of same to said company, computed in accordance with the laws of the State of Georgia. It is further stipulated and agreed that the non-payment of three installments of principal or interest after the same shall fall due shall authorize the company to enforce the payment of the loan together with the interest due thereon, the amount due to be ascertained as follows: The principal debt with interest thereon at the rate of twelve per cent. per annum, and allowing credit for all payments of installments of principal and interest upon loan, with interest thereon at the rate of twelve per cent. per annum from date of payment to said company, computed in accordance with the laws of the State of Georgia. Ten per cent. upon the amount of the indebtedness to be recoverable as attorney's fees in the event of suit hereon. This contract and the deed of trust securing the same are to be governed

and construed by the laws of the State of Georgia. Witness his signature this 12th day of May, A. D. 1913.

[Signed] John B. Lance.

'Executed in presence of: J. F. Buckner, S. Branch LaFar, N. P., C. C., Ga. (Seal).'

"3. Under the provisions of the foregoing contract, was the plaintiff authorized to sue only for monthly installments which were past due, for the reason that the act upon which the contract was based does not expressly provide that upon the non-payment of any three or more of the installments the loan shall mature; or was the plaintiff authorized to sue for the entire amount of the loan upon default in the payment of three installments, principal or interest; and in the latter event would the lender be collecting straight interest at a rate greater than eight per cent. per annum?

"4. If the following stipulation and agreement is valid and enforceable, 'that said petitioner is at this time entitled to enforce the payment of said loan under a stipulation and agreement contained in said bond and reading as follows: "It is further stipulated and agreed that the non-payment of three installments of principal or interest after the same shall fall due shall authorize the company to enforce the payment of the loan, together with the interest due thereon, the amount due to be ascertained as follows: The principal debt with interest thereon at the rate of twelve per cent. per annum, and allowing credit for all payments of installments of principal and interest upon loan, with interest thereon at the rate of twelve per cent. per annum from date of payment to said company, computed in accordance with the laws of the State of Georgia," ' was the plaintiff authorized to sue for $1,028.35 principal, together with interest thereon at the rate of twelve per cent. per annum from the date the petition was alleged to be filed, to wit, October 15, 1913, and does the following statement indicate the proper method for estimating the amount due in accordance with the terms of the contract, at the time the suit was instituted?

'Savannah, Ga., October 15, 1913.

'John B. Lance, to South Georgia Mercantile Co.

| | | |
|---|---|---|
| 'May 12, 1913. | To Loan, | $1,000.00 |
| 'Interest on loan from May 12 to October 15 | | 51.00 |
| | | $1,051.00 |

'Credit by installments May 31st,                    $21.66
'Interest on $21.66 from May 31st to
October 15, 1913, at 12% per annum,                   .99
                                                 _____
                                             $1,028.35.'

"Or, on the other hand, was the plaintiff entitled to sue only for the sum of $1,000 with interest thereon at the rate of twelve per cent. per annum to the date of judgment, less the sum of $21.66, with interest from May 31, 1913, to the date of judgment?

"5.  Did the judge of the city court of Savannah err in sustaining the 1st, 2nd, 5th, and 6th grounds of the demurrer interposed by the defendant, in so far as they raised the question that the plaintiff could not sue for the principal and interest set forth in the first paragraph of its petition, to wit, for $1,028.35 principal, together with interest thereon at the rate of twelve per cent. per annum from the date when it is therein alleged the petition was filed, to wit, October 15, 1913; and did the judge correctly overrule the 4th ground of the demurrer, which was as follows: that the plaintiff is authorized to sue for only the monthly installments which are past due, as the act upon which the contract is based does not provide that upon the non-payment of any one or more installments the loan shall mature?"

*John G. Kennedy,* for plaintiff.

*Hitch & Denmark,* for defendant.

HILL, J.  1.  (*a*)  The act of 1912 (Acts 1912, p. 144) is not unconstitutional as being a special law on the ground that provision had been made on the subject covered by the act by reason of an existing general law.  Section 1 of the act provides: "That any persons, natural or artificial in this State, lending money. to be paid back in monthly installments, may charge interest thereon at six per cent. per annum or less, for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly installments, and may take security therefor by mortgage with waiver of exemption, or title, or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged, and such contracts shall not be held usurious." We hold that the act of 1912 is not a special law.  From its terms it is plain that the legislature meant that it should apply to all

persons, natural and artificial, and to all territory that the old interest laws passed prior to 1912 covered. It does not apply solely to special persons or places, but is as general in its operation as the old law on the subject of interest. In the *Dottenheim* case 107 *Ga.* 606 (34 S. E. 217), a law somewhat similar to the act of 1912, and which limited its operations to corporations of a certain class, was held by a majority of this court to be constitutional. It was held in that case that the legislature had the right to classify building and loan associations and savings associations, and that the law was a general rather than a special one, for the reason that it had uniform operation throughout the State and affected all persons coming within the terms of the act. The instant case is stronger in its facts than the *Dottenheim* case. Here "any persons, natural or artificial in this State, lending money to be paid back in monthly installments, may charge interest thereon at six per cent. per annum or less," etc. This language is broad enough to embrace all persons lending money in this State and who comply with the terms of the act. It is therefore not repugnant to that clause of the constitution which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code, § 6391.

(*b*) The title to the act of 1912 (Acts 1912, p. 144) is as follows: "'An act to authorize any person lending money to be repaid on the installment plan to aggregate the principal and interest for the entire period of the loan at not exceeding six per cent. per annum for the entire time, and to take security therefor by mortgage, or title, or both, and to make such security valid, and such contracts not usurious, and for other purposes." This title is sufficiently comprehensive to include and cover that portion of the act which authorizes the lender to aggregate the principal and interest for the entire period of the loan, and to divide the loan into monthly installments. The words "installment" and "installment plan" have a definite meaning. It is true the caption of the act uses the words "installment plan," and the body of the act employs the phrase "monthly installments," but "installment plan" embraces the words "monthly installments." See Bouvier's Law Dict. (3d Revision), "Installments;" 2 Words & Phrases (2d Series), 1106, "Installment." The act under review is not violative of article 3,

section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), on the ground that it contains matter different from that expressed in the title, and that the title is too indefinite to indicate the matters contained in the body of the act.

(c)   The act of 1912 (Acts 1912, p. 144), properly construed, is applicable to all persons whether resident in this State or not, and is not unconstitutional as being obnoxious to article 4, section 2, paragraph 1, of the constitution of the United States, on the ground that it denies to citizens of other States the right to lend money in this State, to be paid back in monthly installments, where interest is charged at the rate of six per cent. per annum or less for the entire period of the loan, and where the principal and interest for the entire period of the loan are aggregated and divided into monthly installments.

2.   The remaining questions, as propounded by the Court of Appeals, need not be taken up and discussed and answered seriatim. Underlying these propositions is the question of whether or not, upon the defendant's failure to make three successive payments of installments, the plaintiff could sue for the recovery of the principal of the loan, with interest thereon, or whether it was confined to suing for past installments. We hold that under the terms of the contract, upon the failure to make the three successive payments, the plaintiff was authorized to sue for the recovery of the principal of the loan, with interest thereon. In addition to this proposition, two of the questions of the Court of Appeals present alternative methods of calculation, and inquire whether the plaintiff could proceed upon one or the other bases thus set out, at the same time that it could proceed to recover the principal and interest. We need not take up these questions separately and discuss them, because neither one of them sets out a correct basis on which the plaintiff could recover. Each of them involves an allowance of twelve per cent. interest, which is unlawful and which the plaintiff could not recover; and neither one of them presents a correct. method of calculating the amount which the plaintiff could sue for and recover. What it could sue for was the amount of the loan, to wit, $1,000, with the legal interest thereon from the date of the loan, crediting the payment made as a partial payment as of the date when it was made. This substantially answers all of the questions put.

The plaintiff elected to proceed for the principal and interest upon the loan as provided by the contract. It is immaterial whether it could have sued for past unpaid installments or not, or could have waited until the end of the sixty months and then brought suit. It was not obliged to sue for past-due installments alone; it had the option under the contract to sue for the principal of the loan, with interest thereon. It elected to pursue that remedy. In doing so, it of course abandoned any other possible remedies it might have had; and it is useless for us to discuss whether or not it might have proceeded in some other manner. It could proceed, and elected to proceed, for the recovery of the loan and interest thereon; and although in attempting to exercise this remedy it sought to make the calculation on a twelve per cent. basis, which was unlawful, this did not prevent it from proceeding for the principal of the loan, with legal interest thereon from the time that it was made, and allowing credit as a partial payment for the amount which was paid.

The court did not err in sustaining the first, second, fifth, and sixth grounds of the demurrer in so far as they raise the question that the plaintiff could not sue for the principal and interest set forth in the first paragraph of the petition, stating such principal as $1,028.35, together with interest thereon at the rate of twelve per cent. per annum from the date when it is therein alleged that the petition was filed. The correct basis of the suit has been indicated above. It is evident that the first paragraph of the petition was based on a calculation involving a twelve per cent. basis, and, as already held, this was not a proper basis. This is made more clear because the principal sum is thus fixed at a greater amount than the original loan, and the principal was thus increased by reason of the erroneous basis used in the calculation. The court allowed an opportunity to amend so as to correct the erroneous amounts thus sued for; and there was no error in sustaining these grounds of demurrer, with the privilege of amendment.

Also, the court correctly overruled the fourth ground of the demurrer, which was to the effect that the plaintiff was authorized to sue only for the monthly installments which were past due, as the act upon which the contract was based does not provide that upon the non-payment of one or more installments the loan shall mature.

We have seen that the contract provided that it should be satisfied if the borrower paid certain installments. In case three of these installments should not be paid after the same became due, it authorized the lender to proceed, not upon the basis of this installment plan at all, but to abandon it altogether and simply proceed to recover the amount of the loan, with interest thereon. No notes appear to have been given for the installments, but the contract simply provided two methods of operation. The lender was not confined to the installment basis, but, upon the failure to pay three of the installments, it had the privilege to disregard that basis altogether and proceed on the basis of a straight loan, with interest thereon, and with a proper credit for what might have been paid; and we have seen that it exercised this option.

This substantially answers all the questions propounded by the Court of Appeals.                *All the Justices concur.*