## BADGER *v.* THE STATE.

The act of the General Assembly, approved August 17, 1920 (Ga. L. 1920, p. 219), providing for regulation of the small-loan business, is not invalid as violative of any of the constitutional provisions set forth in the Civil Code, §§ 6358, 6359, 6362, 6372, 6379, 6384, 6391, 6437, 6688, 6700.

No. 3226. NOVEMBER 15, 1922.

Certiorari. Before Judge Pendleton. Fulton superior court. March 25, 1922.

*W. J. Laney* and *John P. Haunson,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *Roy Dorsey,* solicitor, *E. A. Stephens, Mark Bolding,* and *Dorsey Brewster, Howell & Heyman,* contra.

FISH, C. J. Defendant was found guilty of a violation of sections 1, 8, 12, 13, and 17, of the act of the General Assembly approved August 17, 1920 (Ga. L. 1920, p. 215), providing for the regulation of the small-loan business. The constitutionality of the act was challenged in the trial court by demurrer to the accusation. The exception is to the overruling of the demurrer.

We hold that the act is not unconstitutional as violative of any of the provisions, hereinafter set forth, of the State or the Federal constitution: 1. "Protection of person and property . . shall be impartial and complete." 2. "No person shall be deprived of life, liberty, or property, except by due process of law." "Nor shall any State deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." 3. "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." 4. "No person shall be compelled to give testimony tending in any manner to criminate himself." 5. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,"— etc. 6. "No person shall be compelled in any criminal case, to be a witness against himself," etc. 7. "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." 8. "No law or ordinance shall pass which refers to more than one

subject-matter, or contains matter different from what is expressed in the title thereof." 9. "No conviction shall work . . forfeiture of estate." The constitutionality of the act in question is sustained by many decisions of courts of last resort, wherein similar legal principles were involved, among which are the following: *King* v. *State,* 136 *Ga.* 709 (71 S. E. 1093); *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280).; *Carroll* v. *Wright,* 131 *Ga.* 728 (63 S. E. 260); *Early County* v. *Baker County,* 137 *Ga.* 126 (72 S. E. 905); People v. Stokes, 281 Ill. 159 (118 N. E. 87); Harbison v. Stamer, 281 Ill. 450 (118 N. E. 94); U. S. v. Distillery Co., Fed. Cas. No. 14966; Wessell v. Timberlake, 95 O. St. 21 (116 N. E. 43, Ann. Cas. 1918B, 402); Com. v. Puder, 261 Pa. 129 (104 Atl. 505); Juhan v. State, 86 Tex. Cr. 63 (216 S. W. 873). See notes to Re Sohncke, 2 L. R. A. (N. S.) 813; State v. Sherman, 27 L. R. A. (N. S.) 898.

*Judgment affirmed. All the Justices concur.*