MORGAN *v.* LOWRY, sheriff.

No. 6782. APRIL 11, 1929. REHEARING DENIED MAY 18, 1929.

*R. R. Jackson* and *C. E. Moore,* for plaintiff.

*John A. Boykin, solicitor-general, Carlton W. Binns, solicitor,* and *Howell, Heyman & Bolding,* for defendant.

BECK, P. J.   James L. Morgan was remanded to custody upon the hearing of an application made by him for a writ of habeas corpus, and to that order he excepted.   The application for discharge from custody was based upon the ground that the indictment upon which the bench warrant under which applicant was held was void; he contending that the indictment was based upon an act of the legislature which is unconstitutional.   In the first count of the indictment it is charged that the defendant did engage in the business of making loans of credit in amounts and to the value of $300 and less, and that he did charge, contract for, and receive a greater rate of interest than eight per cent. per annum on loans, "for the use of said credit, and as interest on said loans of credit, without having a license from the State Banking Department."   In the second count it is charged that defendant "did engage in the business of selling his credit, in amounts and to the value of $300 and less, and did charge, contract for, and receive a greater rate of consideration than eight per cent. per annum on said sales of credit, without a license from the State Banking Department."   And in the third count it is charged that the defendant "did engage in the business of loaning credit in amounts and to the value of $300 and less, and did charge, con-

tract for, and receive a greater rate of interest on said loans than three and one half per cent. per month, for the use of and as interest on said loans of credit."

1. Sections 1, 17, and 18 of the act to license and regulate the business of making loans in the sum of $300 or less, approved August 17, 1920 (Ga. Laws 1920, p. 215), are not unconstitutional in so far as they prohibit the making of loans except in accordance with the provisions of the three sections of the act referred to, on the ground that they violate article 3, section 7, paragraph 8, of the constitution of the State of Georgia, which provides that no law or ordinance shall pass which refers to more than one subject-matter; the caption of the act of 1920 being as follows: "An act to license and regulate the business of making loans in sums of $300 or less, secured or unsecured, at a greater rate of interest than eight per centum per annum; prescribing the rate of interest and charge therefor, and penalties for the violation thereof; regulating the assignment of wages or salaries, earned or to be earned, when taken as security for any such loan; and for other purposes."

2. Nor do the said provisions of the statute referred to violate article 1, section 1, paragraph 2, of the constitution of this State, which declares that protection of person and property shall be impartial and complete.

3. Nor do they violate the due-process-of-law clause of the State and Federal constitutions.

4. The portions of the statute referred to are not so vague, uncertain, and indefinite as to render them void.

5. Nor are the portions of the statute referred to in violation of the provisions of article 1, section 1, paragraph 23, of the State constitution, which provides that the legislative, judicial, and executive powers shall remain separate and distinct, etc.

6. Clearly none of the sections of the act of 1920, in so far as they deal with the making of loans of credit, is violative of the provision of the State constitution which declares that no law shall pass which contains matter different from what is expressed in the title thereof. The words, "to license and regulate the business of making loans in sums of $300 or less, secured or unsecured," etc., are broad enough to include the subject of making loans of credit. If the part of the section which inhibits the making of sales of credit is unconstitutional because not covered by

the caption of the act, that does not render void the other provisions of the act which are covered by the caption. Consequently, even if the count charging the sale of credit be held void, there were other good counts in the indictment; and that being true, the defendant was not being illegally held. For if there are void counts in the indictment and others which are good, the void counts may be stricken, and the indictment thus purged of the void counts might become the basis for the issuance of a bench warrant ordering the arrest of the accused.

7. Under the provisions of the act approved August 16, 1919 (Ga. Laws 1919, p. 138), which was an act to create a banking department of the State of Georgia, etc., the superintendent of banks became the bank examiner, and there is no merit in the contention that there is no such official. *Mathis* ·v. *Fulton Industrial Cor.,* ante, 719. See, in connection with the rulings made in the foregoing syllabi, *Badger* v. *State,* 154 *Ga.* 443 (114 S. E. 635), and the numerous decisions of this and other courts there cited; *King* v. *State,* 136 *Ga.* 709 (71 S. E. 1093); *Storey* v. *Summerville,* 158 *Ga.* 182 (123 S. E. 139); *Hope* v. *Gainesville,* 72 *Ga.* 246; *Bazemore* v. *State,* 121 *Ga.* 619 (49 S. E. 701); *Lloyd* v. *Richardson,* 158 *Ga.* 633 (124 S. E. 37); Wiseman *v.* Tanner, 221 Fed. 694; Otis *v.* Parker, 187 U. S. 606 (23 Sup. Ct. 168, 47 L. ed. 323).           *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

In the decision as handed down in this case on April 11, 1929, it was inadvertently stated that the plaintiff in error had been tried under an indictment and convicted, whereas the statement should have been that he was being held under a warrant based upon the indictment which was attacked as unconstitutional; and correction is made of that statement. After consideration of the motion for rehearing, the judgment of affirmance formerly rendered is adhered to.