25551. SOUTHERN RAILWAY COMPANY *v.* SYMONS.

*Neely, Marshall & Greene, W. O. Wilson,* for plaintiff in error.
*Victor K. Meador,* contra.

SUTTON, J. 1. "Before any notice of assignment or purchase of wages or salaries shall be binding upon any individual, firm or corporation to whom said notice is directed, said notice shall be accompanied by a copy of the contract of sale or assignment verified by the assignee to be a true and correct copy thereof: Provided, that the assignee shall file said notice within five days from the time of the execution of the assignment: and Provided further, that the contract of assignment shall be made in duplicate, one copy to be retained by the assignor and the other by the assignee. Upon receipt of the notice and verified copy of contract aforesaid, the individual, firm or corporation to whom same is delivered, if it or they shall be due the assignor the amount of wages or salary so sold or assigned, shall be authorized to hold said wages or salary in its or their possession for the benefit of the assignee, and thereafter, within a reasonable time after the notice aforesaid, pay over to the assignee the amount so assigned upon surrender of the original assignment. Any money earned by the assignor or seller in excess of any assignment or sale of wages or salary shall be paid to said assignor or seller when due." Code, § 25-319. The provisions of this section must be complied with before any sale or assignment of wages or salary or notice thereof to the debtor is enforceable. *Atlantic Coast Line R. Co.* v. *Nash Loan Co.,* 179 *Ga.* 52 (175 S. E. 247, 96 A. L. R. 722).

2. It follows that the notice of assignment in this case from the assignee to the debtor, that "This is to inform you that S. Symons, employed by you as clerk, has sold to the undersigned the sum of $11.50 of his salary or wage account. Please hold said money for the undersigned, and the original bill of sale will be surrendered to you on payment of said money," where not accompanied by a verified copy of the contract of sale or assignment referred to therein, and where it does not appear that the same was filed within five days from the execution of said contract of

310

sale or assignment, was insufficient to permit the debtor to withhold payment of any salary or wages due to the assignor.

3. Applying the above ruling to this suit by the assignor against the debtor, the Southern Railway Company, the plaintiff's employer, for recovery of certain wages, wherein the defendant answered setting up that said salary sued for was being withheld for payment to the assignee giving to it the notice set out in headnote 2 above, the judge of the municipal court of Atlanta did not err in striking said answer and in entering judgment in the plaintiff's favor. The motion for new trial was properly denied, and on appeal to the appellate division of the trial court that judgment was properly affirmed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*