NATIONAL FINANCE COMPANY *v.* CITIZENS LOAN AND SAVINGS COMPANY *et al.*

No. 11688. JUNE 21, 1937. REHEARING DENIED JULY 12, 1937.

*R. R. Jackson,* for plaintiff. *John F. Echols,* for defendants.

ATKINSON, Justice. ■ It is declared in the Code, § 25-201:

"No person, firm, or corporation shall engage generally, regularly, or collaterally to any other business, in the business of making loans on household or kitchen furniture, household goods, wearing apparel, sewing machines, musical instruments, wages, or salaries, or in the business of buying wages or salaries, without first obtaining a license for carrying on such business." It is further declared (§ 25-208) : "Any sale or assignment of wages or salary, whether made for the purpose of securing a debt in existence before said assignment is made or for the purpose of procuring an advancement of money at the time the assignment is made, shall be governed in all respects by the provisions of this chapter; and the rate of discount on any sale or assignment of salary or wages shall not be greater than the rates and fees prescribed in sections 25-213 and 25-214." It is declared in said Code, § 25-213: "If it shall be agreed on in writing by the borrower and lender at the time the loan is made, the lender may charge, for investigating the security or title and closing the loan, a fee of not more than 50 cents where the amount borrowed is $5 or less; not more than 70 cents where the amount is more than $5 and not more than $10; not more than $1 where the amount borrowed is more than $10 and not more than $20; not more than $1.50 where the amount borrowed is more than $20 and not more than $35, and not more than $2 where the amount borrowed is more than $35 and not more than $60; which said fee may be charged, if so agreed, upon each original loan or any renewal thereof: Provided, however, that no fee whatever shall be allowed on any renewal or extension which occurs within 30 days from the time of making the loan or from the time of the last renewal: and Provided, further, that the fee provided for in this section shall not be charged on any renewal made after the expiration of four months from the date of the original loan, but that all renewals made after said four months shall be at a fee not greater than one half the amount herein provided." Also (§ 25-214) : "Any loan which shall be made between the parties immediately upon, or a short time after, the payment of a pre-existing loan of approximately the same amount shall be construed in all cases to be a renewal of said pre-existing loan. No original loan shall be split up into smaller loans in order to increase the fees allowed; but if two or more loans are made at or about the same time between the same parties, they

shall be construed to be but one original loan, unless the contrary plainly and unequivocally appears. On loans of $60 or more, the borrower may, if agreed upon, pay such fees as will be a fair and reasonable compensation for services actually rendered, if any, by the lender in examining the title or the property pledged as security, but in no event to be more than six per cent. of the amount of the loan; and this fee shall not be paid on any renewal of said loan."

All of the foregoing are codifications from the act of 1904 (Ga. L. 1904, p. 79). Section 25-201 requires a license to engage in business (1) of making loans on "wages or salaries;" (2) of "buying wages or salaries." Properly construed section 25-208 deals (1) with the sale of wages or salary, (2) with the assignment of wages or salary for the purpose of securing a pre-existing debt, and (3) with the assignment of wages or salaries for the purpose of securing a contemporaneous debt. That the legislature intended to include the first of these three subject-matters by this section is shown by the provision therein contained whereby it is declared that the discount charged in any sale or assignment of salary or wages shall not be greater than the rates and fees charged in sections 25-213 and 25-214, dealing exclusively with charges on loans, and by a consideration of the act of 1904 as a whole, which purports to regulate not only the business of taking assignments to secure debt, but also the business of buying wages or salary by absolute purchase. By section 25-208, any sale or assignment of wages or salary "shall be governed in all respects by the provisions of this chapter," meaning Chapter 25 of the Code of 1933. A provision of that chapter is section 25-319 of the Code of 1933, being a codification of section 20 of the act of 1920 (Ga. L. 1920, pp. 215, 221, and is as follows: "Before any notice of assignment or purchase of wages or salaries shall be binding upon any individual, firm, or corporation to whom said notice is directed, said notice shall be accompanied by a copy of the contract of sale or assignment verified by the assignee to be a true and correct copy thereof: Provided, that the assignee shall file said notice within five days from the time of the execution of the assignment; and Provided further, that the contract of assignment shall be made in duplicate, one copy to be retained by the assignor and the other by the assignee. Upon receipt of the no-

tice and verified copy of contract aforesaid, the individual, firm, or corporation to whom same is·delivered, if it or they shall be due the assignor the amount of wages or salary so sold or assigned, shall be authorized to hold said wages or salary in its or their possession for the benefit of the assignee, and thereafter, within a reasonable time after the notice aforesaid, pay over to the assignee the amount so assigned upon surrender of the original assignment. Any money earned by the assignor or seller in excess of any assignment or sale of wages or salary shall be paid to said assignor or seller when due." By the reference to Chapter 25-2 as made in § 25-208, and the adoption of the Code, this provision as to five days' notice to be given the employer is applicable in case of a purchase of salary, where the purchaser is licensed to buy wages or salary and is engaged in such business under §§ 25-201 to 25-221.

■ Where a purchaser of wages or salary fails to comply with the provisions of section 25-319 in respect to giving the employer notice of the purchase within five days after the sale, the assignment is not "binding upon any individual, firm, or corporation to whom said notice is directed." See *Atlantic Coast Line Railroad Co.* v. *Nash Loan Co.,* 179 *Ga.* 52, 54 (175 S. E. 247) ; *Southern Ry. Co.* v. *Symons,* 54 *Ga. App.* 308 (187 S. E. 702).

■ Section 25-319, quoted and construed as above set forth, is not ineffective as being obnoxious to §§ 85-104, 96-111, 85-1803. These sections in the order named are substantially (a) "Estate is the quantity of interest which an owner has in property. It is applicable equally to realty and personalty. Any estate that can be created in the former may be created in the latter, and the rules of construction as to both shall be the same. The provisions of this Code, under this title, when not restricted to one, shall apply to both." (b) "The seller can convey no greater title than he has himself. The bona fide purchaser of a negotiable paper not dishonored, or of money, or bank bills, or other recognized currency, will be protected in his title though the seller had none." (c) "All choses in action arising upon contract may be assigned so as to vest the title in the assignee, but he takes it, except negotiable instruments, subject to the equities existing between the assignor and debtor at the time of the assignment, and until notice of the assignment is given the person liable."

■ Section 25-319, construed and applied as indicated in the preceding divisions, is not violative, for any reason assigned, of either of the following provisions of the constitution of this State. (a) Article 3, section 5, paragraph 17 (Code, § 2-1817), that no law shall be amended or repealed by mere reference to its title. (b) Article 1, section 1, paragraph 1 (§ 2-101), that all government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. (c) Article 1, section 1, paragraph 2 (§ 2-102), that protection to person and property is the paramount duty of government, and shall be impartial and complete. (d) Article 1, section 1, paragraph 3 (§ 2-103), that no person shall be deprived of life, liberty, or property, except by due process of law. (e) Article 1, section 1, paragraph 25 (§ 2-125), that all citizens of the United States, resident in this State, are hereby declared citizens of this State; and it shall be the duty of the General Assembly to enact such laws as will protect them in full enjoyment of the rights, privileges, and immunities due to such citizenship. (f) Article 1, section 4, paragraph 1 (§ 2-401), that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law.

■ Section 25-319, construed and applied as indicated in the first division, is not violative, for any reason assigned, of the provision of the constitution of the United States (article 14, section 1 (Code, § 1-815)), that no State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

■ Upon application of the foregoing principles, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*