### 19517. ATTERBERRY *v.* THE STATE.

HAWKINS, Justice. An accusation was preferred against L. C. Atterberry in the City Court of Savannah, charging him with the offense of a misdemeanor in that he "Did unlawfully charge and receive, for the loan and advance of $50.00 in money, a rate of interest greater than five per centum per month (by way of commission for advances, discount, exchange, the purchase of salary and wages, and by contracts, contrivances, and devices unknown, all of which constituted a subterfuge and scheme intentionally used by the accused to evade the laws of the State), from John Reed, for which sum of money, to wit, $50.00, the accused did charge and take interest in the sum of $5.00 for the use of said $50.00 for a period of one week, which rate of interest amounts to forty-three per centum per month, contrary to the laws of said State, the good order, peace and dignity thereof." To this accusation the defendant demurred generally upon the grounds, (1) that it failed to charge any offense under the laws of the State, and (2) defendant "demurs generally to said accusation on the ground that the same is discriminatory and class legislation contrary to the Constitution of the State of Georgia, article 1, section 1, paragraph 25, which provides 'all citizens of the United States, residents of this State are hereby declared citizens of this State and it shall be the duty of the General Assembly to enact such laws as will protect them in the full enjoyment of their rights, privileges and immunities due such citizenship,' and is in violation of the Constitution of the United States, Amendment 14, which provides 'no State shall deny to any person within its jurisdiction the equal protection of the law.'" The

accusation was specially demurred to upon the grounds that the same is vague, uncertain, and indefinite, in that the same fails to set out any facts whether said loan or advance was by way of commission or by contract or contrivance or device, and if so what said alleged commission, contract, contrivance or device was; that it fails to show wherein such commission, contract, contrivance, or device constituted a subterfuge and scheme, and what said subterfuge or scheme consisted of; and that it failed to set out any facts to show whether the moneys reserved to be paid were for advances, exchange, or the purchase of salary and wages, and if so, what constituted said transaction. The record further discloses that, while the defendant was in the emergency room of a named hospital being treated for wounds inflicted upon him during a shooting affray in which he shot and killed a named person, and which transaction was being investigated by police officers, the officers, according to their testimony, secured from a table in the emergency room, with defendant's consent, the keys to his automobile for the purpose of getting therefrom the pistol with which the defendant had shot the deceased, and while inspecting the automobile, took therefrom the pistol and certain cards or records, which they testified the defendant stated belonged to him and showed the transactions in the operation of his business of lending money, and which were introduced in evidence on the trial over the objection of the defendant after his motion to suppress the evidence had been denied. The jury returned a verdict of guilty, and to the judgments overruling the demurrers and the motion for a new trial as amended the defendant excepts. *Held:*

1. The first ground of the defendant's general demurrer, that the accusation fails to charge any offense under the laws of the State, and the special grounds of the demurrer are without merit. The accusation charges a violation of Code § 57-117 in almost the identical language of the accusation dealt with in *Jarvis* v. *State,* 69 *Ga. App.* 326 (25 S. E. 2d 100), and the decision there rendered is controlling upon the first general ground and the special grounds of the demurrer in the instant case.

2. If the second ground of the general demurrer be construed as an attack on the constitutionality of the statute under which the present accusation was drawn, it is likewise without merit under the decisions of this court in *King* v. *State,* 136 *Ga.* 709 (71 S. E. 1093); *Badger* v. *State,* 154 *Ga.* 443 (114 S. E. 635); *Morgan* v. *Lowry,* 168 *Ga.* 723 (149 S. E. 37).

3. The first, second, third, and fourth grounds of the amended motion for a new trial except to the denial of the defendant's motion to suppress evidence, consisting of records and cards which had the names of the various prosecuting witnesses, the dates the loans were made, the amounts loaned, and the amounts which were paid back, taken from the parked automobile of the defendant by the police officers who were investigating the shooting affray in which the defendant was wounded, and in which he had killed his adversary, some of which were introduced in evidence over the objection that said evidence was illegally and unlawfully seized without a warrant to arrest or a warrant to search, and in violation of defendant's civil rights as set forth in 42 U. S. Code, Ann. Supp., §§ 1981 and 1983, and the deprivation of his rights as provided in "article 4, section 2, and the 4th, 5th, and 14th amendments to the Constitution

of the United States," and in violation of "article I, section I, paragraph XVI; article I, section I, paragraph VI; and article I, section X, paragraph XXX" of the Constitution of the State of Georgia. *Held:*

(*a*) The fourth and fifth amendments (Code §§ 1-804, 1-805) to the Constitution of the United States apply only to proceedings in Federal courts, and have no application to trials in State courts. *Wilburn* v. *State,* 141 *Ga.* 510 (81 S. E. 444); *Johnson* v. *State,* 152 *Ga.* 271 (1) (109 S. E. 662, 19 A. L. R. 641); *McIntyre* v. *State,* 190 *Ga.* 872 (2) (11 S. E. 2d 5, 134 A. L. R. 813).

(*b*) The act of 1908 (Ga. L. 1908, p. 83; Code § 57-117) is not violative of article 4, section 2, paragraph 1 (Code § 1-402), of the Constitution of the United States, on the ground that it is in deprivation of the defendant's rights. *South Georgia Mercantile Co.* v. *Lance,* 143 *Ga.* 530 (3) (85 S. E. 749).

(*c*) "Under repeated decisions of this court, the admission in evidence in a State-court trial of articles taken from the defendant and his automobile by State officers without a search warrant would not violate art. 1, sec. 1, par. 6, or art. 1, sec. 1, par. 16, of the Constitution of this State (Code, §§ 2-106, 2-116), prohibiting unreasonable searches and seizures and compulsory self-incrimination." *McIntyre* v. *State,* 190 *Ga.* 872 (1), and cases cited in that opinion.

(*d*) The admission in evidence of the records referred to above was not violative of the due-process clauses of the State and Federal Constitutions, or of the Civil Rights Statute, 42 U. S. Code, Ann. Supp., §§ 1981 and 1983.

(*e*) There is no "article I, section X, paragraph XXX" of the Constitution of the State of Georgia.

(*f*) Applying the foregoing rulings, grounds 1 through 4 of the amended motion for a new trial are without merit.

4. Grounds 5 and 6 of the amended motion, complaining of the admission of the testimony of a certified public accountant, explaining the entries appearing on certain records which were introduced in evidence, and the testimony of a police officer that these records were found in and taken from the automobile of the defendant, the officer having also testified that the defendant had stated that these were his records of his money-lending business, over the objection that "there was no evidence that the entries were made by the defendant or in the course of his business, or at the time of the transaction," are likewise without merit. See Wharton's Criminal Evidence (11th ed.), Vol. 2, p. 1765, § 1004; *Camp* v. *State,* 31 *Ga. App.* 737, 740 (6) (122 S. E. 249).

5. There was sufficient evidence to authorize the verdict, and the trial judge did not err in denying the general grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1956—DECIDED DECEMBER 5, 1956—REHEARING DENIED DECEMBER 18, 1956.

*John J. Sullivan, Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Assistant Solicitors-General,* contra.