### 24104. TALLEY v. SUN FINANCE COMPANY.

Duckworth, Chief Justice. 1. The judgment complained of shows that it was determined after consideration of stipulations as to the existing indebtedness and payments made thereon together with the defense of usury in that the Georgia Industrial Loan Act of 1955 (Ga. L. 1955, p. 431) is a special law in violation of the Constitution, Art. I, Sec. IV, Par. I (Const. of 1945; *Code Ann.* § 2-401) by allowing greater rates of interest than the general law thereon (*Code* § 57-101).

Since the stipulations as made are not a part of the record no review can be made to determine whether a jury question was involved as to the amount of the judgment found to be due on the indebtedness. We find no merit in the errors enumerated claiming it was a jury question as to the amount due.

2. The Industrial Loan Act of 1955 (Ga. L. 1955, p. 431) operates generally upon the entire class of subjects with which it deals uniformly throughout the State and in the same manner generally as the usury statute (*Code* § 57-101) which counsel insists is the controlling general legislation on the subject matter. While the usury statute is a general law, the Industrial Loan Act is likewise a general law, and the legislature had the right to classify these small loans, provided the law operates uniformly throughout the State and affects all persons coming within its terms. See *Sasser v. Martin,* 101 Ga. 447 (29 SE 278); *Cook v. Equitable Bldg. &c. Assn.,* 104 Ga. 814 (30 SE 911); *Union Savings Bank v. Dottenheim,* 107 Ga. 606 (34 SE 217); *South Ga. Mercantile Co. v. Lance,* 143 Ga. 530 (85 SE 749); *Badger v. State,* 154 Ga. 443 (114 SE 635); *Family Finance Co. v. Allman,* 174 Ga. 467 (163 SE 143); *National Finance Co. v. Citizens Loan &c. Co.,* 184 Ga. 619 (192 SE 717). There is no merit in the constitutional attack made.

3. No argument was made as to the validity of the other constitutional attack by counsel, and it is deemed to be abandoned.

4. We find nothing in the record to show that the motion to produce certain documents was insisted on by counsel at the time of trial and no ruling was obtained on this failure to produce. The enumeration of error complaining of the failure to produce is without merit. *Code Ch.* 38-8.

5. Having considered all of the errors enumerated and finding none with merit, we find no error in the judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Harbin M. King,* for appellant.

*McDonald, Longley, McDonald & McDonald, E. Crawford McDonald, Hansell, Post, Brandon & Dorsey, Allen Post, J. William Gibson,* for appellee.