## 24924. PARROTT v. PARROTT.

Nichols, Justice. 1. When no motion for a continuance is made or other proper relief sought in the trial court because of the failure of the opposite party to properly respond to a notice to produce issued under the Act of 1966 (Ga. L. 1966, p. 502; *Code Ann. Ch.* 38-8), it is not ground for the reversal of an adverse verdict or judgment that such evidence if produced might have resulted in a different verdict. See *Talley v. Sun Finance Co.,* 223 Ga. 419 (156 SE2d 55).

2. Where a party testifies without objection that documents contain information showing his compensation for a month's period during a certain year and he testifies as to the amount of such compensation it is not error to admit such documents in evidence over objection that the documents themselves do not show on their face the year but only the month which they allegedly cover.

3. While *Code Ann.* § 30-223 authorizes the trial court to award expenses of litigation to the former wife in an action by the former husband seeking modification of an alimony allowance it does not require that this be done (*Wayman v. Wayman,* 222 Ga. 535 (150 SE2d 840)), and where the trial court has awarded attorney's fees to the former wife under such circumstances it is not an abuse of discretion to refuse to grant the wife an additional amount for the purpose of preparing a record for appeal.

4. Where the evidence authorized a finding that the former husband's income has been reduced by approximately $4,000 annually since the divorce and alimony decree was rendered it cannot be said that such evidence did not authorize a reduction of the alimony from $325 per month to $275 per month.

5. The verdict of the jury was in accordance with the instruc-

802

tions given by the trial court and was not uncertain as to amount or frequency of payments.

*Judgment affirmed. All the Justices concur.*

Argued November 13, 1968—Decided November 21, 1968.

*Fred W. Minter,* for appellant.

*E. T. Hendon, Jr.,* for appellee.

James W. Parrott filed a petition seeking modification of a divorce and alimony decree so as to reduce the amount of alimony he was required to pay his former wife. In 1964 when the divorce decree was granted the petitioner, according to his 1964 income tax return, earned $13,013.96. In 1965, according to his 1965 income tax return, his income was $13,723.47, while in 1966 his income, based upon his oral testimony, was $10,513.76, and at the time of trial his earnings had been reduced to $732.50 per month. The jury reduced the amount of alimony from $325 per month to $275 under instructions from the court of which no complaint is made. The appeal is from the judgment on the verdict, the overruling of the appellant's motion for new trial and denial of certain expenses of litigation. The enumerations of error complain that the verdict was not authorized, that a verdict was demanded for the appellant, that the trial court erred in refusing to award certain expenses of litigation, the admission of certain documentary evidence and that the verdict is uncertain as to frequency of payments.