## 19503.  JACKSON *v.* BLOODWORTH.

DECIDED FEBRUARY 28, 1930.

*E. F. Goodrum,* for plaintiff in error. · *L. U. Bloodworth,* contra.

STEPHENS, J. This is a suit by H. B. Bloodworth against Zadie Jackson, to recover damages for the alleged conversion by the defendant to his own use of $24, to which the plaintiff claimed title by virtue of an assignment to him by the defendant of the defendant's wages in the employ of the Central of Georgia Railway Company from the first to the eleventh of May, 1928, which the defendant collected and appropriated to his own use and refused to pay to the plaintiff.

The defendant filed a plea in which he virtually admitted the allegations of fact in the plaintiff's petition, by alleging that on or about December 24, 1927, he borrowed $20 from the plaintiff, and since then paid the plaintiff interest on this loan in periodic installments of $4 about every two weeks, the last payment of $4 being made on May 12, 1928, and the total payments thus made amounting to $36; that the alleged assignment was a scheme and device of the plaintiff to loan money at a usurious rate of interest, and that the plaintiff was paid in full the principal of $20 borrowed money and the lawful interest thereon from December 24, 1927, to May 12, 1928. The defendant further alleged that by these payments he overpaid the plaintiff in the sum of $15, and he prayed a judgment against the plaintiff for that amount.

The plaintiff testified as follows: "At time this paper was made Zadie had a similar paper at my office, which he settled that day. He had a similar transaction to this one with me each month back to January 11, 1928, except in the month of February, 1928. I can not trace anything with him in February, but I will not. say positively he did not have a similar transaction with me in February. The amount in each case was $24. He would sell me $24 of his wages for $20, but he did not pay me interest on any of the money. He did not pay me $4 when this paper was made. He settled the paper we held, and I made a new contract. This new contract had nothing to do with the old paper he settled; that was all paid off first and the new contract followed. As soon as he

paid off the old paper the new one was made. I usually waited on Zadie at my office. There is another clerk there, Mr. C. J. Heath; he might have handled the February transactions. . . The assignment in each case was for $20; that is, Zadie got $20 and gave me an assignment for $24. The $4 was my profit on the transaction. Those papers were due at my office on Zadie's following paydays. He was paid off twice a month. I never demanded the money on this assignment from railway company." The defendant testified as follows: "Just about last Christmas (1927) I borrowed $20 from Mr. Bloodworth and signed a paper like this assignment. He charged me $4 interest on the loan, payable on my next payday, on January 11, 1928. I paid him $4 on January 11, 1928, and renewed the loan by signing a paper like this one, and paid $4 interest in his office to Mr. Bloodworth on the paydays for January 26, the 11th and 26th days of February, March, April, and on May 12, 1928, for May 11. I never had the $20 but the one time, and that was just before Christmas. I have paid him, all told, $36 on the loan, . . I never paid him $24 at any one time during the time stated that I paid him interest, only paid him interest charged."

The defendant's testimony is clear and unequivocal that when he made this assignment of his wages from May 1 to May 11 he received nothing whatever from the plaintiff as a consideration therefor, that the only money he ever received from the plaintiff was the $20 which the plaintiff paid him in consideration of the assignment of salary about Christmas, 1927, that the defendant never paid the plaintiff $24 at any one time, that the only payments he made to the plaintiff were the $36 payable in the $4 installments, on the paydays mentioned. The plaintiff's testimony is somewhat vague and equivocal. It is subject to the objection that he appears to be testifying to his own conclusions rather than to actual facts within his knowledge. He does not deny the fact, to which the defendant testified, that the defendant was paid nothing in consideration of the assignment of the salary from May 1 to May 11, which is the basis of the present suit. While the plaintiff testified that the defendant, before executing the assignment which is the subject-matter of the present suit, had similar transactions with the plaintiff, he nowhere unequivocally states that he himself collected on these various salary assignments, or that the present assignment

was an entirely new and distinct transaction, for which the defendant, in consideration of an assignment of $24 of his wages to the plaintiff, received $20 or any consideration. His testimony, construed most strongly against him (as must be done, as he is a party to the case), indicates that the transaction with respect to the present assignment was a mere continuation of the original transaction which began somewhere about Christmas beforehand, and his testimony must necessarily be construed as a statement to the effect that the defendant received only one payment of $20, and that each successive assignment was but a new assignment for a different period of time, without any further consideration than the payment to the defendant of the original $20. Where the plaintiff states in his testimony that the defendant "settled the paper we held and I made a new contract, this new contract had nothing to do with the old paper he settled," that ";this was all paid off first and the new contract followed, as soon as he paid off the old paper the new one was made," he is testifying, not to the fact that the defendant, before each new assignment, actually paid to him the $24 due on the previous assignment, but is testifying to his conclusion as to the effect which the execution of each successive assignment had upon the assignment which preceded it. There were only two witnesses, the plaintiff and the defendant. The only inferences of fact deducible from the testimony are that the defendant assigned his wages of $24 to the plaintiff and received in payment therefor the sum of $20, that the plaintiff never collected the wages assigned, but that the defendant did; that, after the defendant had earned additional wages amounting to $24, the plaintiff took a new assignment therefor and received from the defendant the sum of $4 and canceled the first assignment; that this, as the plaintiff states in his testimony, "paid off" the first assignment, and "the new contract followed;" that this plan was kept up successively until it culminated in the defendant's assignment of his wages earned from May 1 to May 11, and to recover the value of which the present suit was instituted.

The facts make but one salary assignment, in consideration of money actually paid by the plaintiff to the defendant, and that was the original assignment by the defendant of $24 of his wages, for which the defendant received $20. The defendant afterwards collected this money and appropriated it to his own use. He then

executed to the plaintiff a new assignment of $24 of his wages earned for a different period, and paid to the plaintiff, in addition thereto, $4, both of which, according to the plaintiff's own testimony, operated to "pay off" or settle whatever the defendant may have owed the plaintiff by virtue of the first assignment. This settlement purported to be a contract whereby the plaintiff, in consideration of the execution of the new assignment and the payment to him of the $4, forbore and relinquished his right to the collection from the defendant of the money which the defendant had assigned to the plaintiff. Since, by reason of these transactions, the defendant received no money from the plaintiff except the $20 in consideration of the first assignment of $24 of the defendant's wages, and since the plaintiff never objected to, but acquiesced in, the collection and conversion by the defendant to his own use of the wages which he had successively assigned from time to time, but waited until after the defendant had earned sufficient wages to enable him to make a new assignment of $24, and then exacted of him only the execution of a new assignment and the payment of $4, both of which operated to pay off or settle any claim which the plaintiff may have had against the defendant relative to the former assignment, the plaintiff thereby consented to the defendant's successive collections and conversions to his own use of his wages earned from time to time, and in consideration of the defendant's periodic payment of $4, refrained from molesting him for a period. This series of transactions did not constitute a bona fide assignment of wages by the defendant to the plaintiff, but, under the guise of successive assignments of wages, constituted a scheme and device for the purpose of evading the laws against usury, by which the sum of $20 was loaned to the defendant at interest in the sum of $4 payable every two weeks. This necessarily was usury. Civil Code (1910), §§ 3444, 3445. The plaintiff having paid to the defendant $20, and, within a period of six months, having collected from the defendant usurious interest in the sum of $36, the debt of $20, with all lawful interest for that period, which amounts to less than eighty cents, was overpaid to the plaintiff.

The verdict against the defendant in the sum of $24 was without evidence to support it, and was contrary to law. The judge of the superior court therefore erred in not sanctioning the defendant's petition for certiorari.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*