## In re TAYLOR.
### No. 22908.

District Court, N. D. Georgia,
Atlanta Division.

Oct. 17, 1939.

Victor K. Meador, of Atlanta, Ga., for bankrupt.

J. Mallory Hunt, of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Bankrupt, by supplemental and ancillary bill in equity, prays for an injunction against Bennett Trading Company, enjoining it from prosecuting its claim based on an alleged salary assignment, on the ground that the transaction was not a valid salary assignment under the laws of Georgia, but merely a usurious debt dischargeable in bankruptcy. A further equitable ground is that oppressive measures are being used against bankrupt to collect a debt which has been discharged and to endanger his position by garnishment proceedings.

Bankrupt filed his petition in bankruptcy on the 12th day of October, 1936, and was, on the same day, duly adjudicated a bankrupt. Subsequently, all provable debts were discharged by order granted on the 4th day of December, 1937.

On June 19, 1936, Bennett Trading Company filed suit in the Municipal Court of Atlanta for $11.50, alleging that same was due by virtue of bankrupt's conversion to his own use of $11.50 of his salary which had previously been assigned to it. Judgment by default was taken and garnishment issued on July 28, 1936. The garnishment was dissolved by giving bond and bankrupt received the unpaid salary due him. On September 15, 1936, execution issued from the Municipal Court.

While the garnishment proceeding was pending, suggestion of bankruptcy was made in the Municipal Court and stay order granted.

The judgment secured in the Municipal Court was listed in the bankruptcy proceedings as an unsecured debt, but no claim was filed.

After discharge was granted, a temporary restraining order was granted by this Court enjoining further proceedings on said judgment.

The evidence showed three consecutive transactions of identical character between bankrupt and Bennett Trading Company tabulated as follows:

| Date Obligation Incurred: | Amount of Obligation: | Amount actually Received: | Date of Payment. |
|---|---|---|---|
| April 21-1936 | $ 5.75 | $ 5.00 | May 1-1936 |
| May 1, 1936 | 11.50 | 10.00 | May 12-1936 |
| May 12, 1936 | 11.50 | 10.00 | Not delivered |

No notice of any of the alleged salary assignments was given to the employer nor was any of them signed by the wife of bankrupt.

 The obligation sued upon was not a valid salary assignment but represented a usurious debt and the judgment based thereon as well as the obligation itself was dischargeable and was discharged in bank-

658

ruptcy, and its enforcement should be permanently enjoined.

The garnishment issued upon said judgment is, on account of the bankruptcy, unenforceable and of no effect, and prosecution thereof should likewise be permanently enjoined.

In fact, "The filing of the petition [in bankruptcy] is a caveat to all the world and in effect an attachment and injunction." May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 459, 69 L.Ed. 870.

The illegality of such alleged salary assignments and their dischargeability in bankruptcy have been so often announced by the State Courts and by this Court that there seems to be no excuse, on the part of such loan companies or their attorneys, for the continued oppression of poor and inexperienced bankrupt debtors by the prosecution of such dischargeable claims against them. This Court examined the authorities very thoroughly and discussed the subject in great detail in the case of In re Cleapor, D.C., 16 F.Supp. 481, 482, in which the facts and legal principles involved were substantially the same as in the instant case.

In the Cleapor case this Court said: "This court has jurisdiction in such case to secure and preserve the fruits and advantages of the judgment or decree rendered therein (Local Loan Company v. Hunt, 292 U.S. 234, 239, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195), and to 'determine the effect of the adjudication and order, and enjoin (respondent) from its threatened interference therewith' (Id., 292 U.S. 234, at page 241, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195)."

In the Cleapor case, 16 F.Supp. on page 484, this Court further said: "It is this situation and these conditions which constitute the equity of petitions of this kind and which should cause this court to do what it can to stop such practices in defiance of its own orders and to make them effective and to afford to debtors the relief to which they are entitled under the bankruptcy law and orders of discharge, which the Supreme Court has said are 'in every essential particular decrees in equity determining a status.' Local Loan Company v. Hunt, supra."

The Supreme Court and the Court of Appeals of Georgia have also been very definite and clear in holding such transactions as those involved in this case to be usurious debts and not valid salary assignments, as was clearly pointed out in the Cleapor case, and it will be difficult to believe that parties and counsel, in the future, will be acting properly and in good faith, if similar suits are continued to be brought in the face of both Federal and State decisions.

The Circuit Court of Appeals for the Sixth Circuit, in the case of Tennessee Finance Company v. Thompson, 278 F. 597, strongly condemns such actions. See also Home Bond Company v. McChesney, 239 U.S. 568, 575, 36 S.Ct. 170, 60 L.Ed. 444.

Some of the numerous pertinent State cases are as follows: Parsons v. Fox, 179 Ga. 605, 176 S.E. 642; Wilson v. Etheredge, 174 Ga. 386, 162 S.E. 707; Hinton v. Mack Purchasing Co., 41 Ga.App. 823, 155 S.E. 78; Jackson v. Bloodworth, 41 Ga.App. 216, 152 S.E. 289; Rivers v. Wright & Co., 117 Ga. 81, 43 S.E. 499; Hanes v. Henderson, 58 Ga.App. 475, 199 S.E. 59; Franklin Finance Corp. v. Head, 58 Ga.App. 475, 199 S.E. 59; Portwood v. Bennett Trading Company, 184 Ga. 617, 192 S.E. 217; and finally, the recent case of Atlanta Finance Company v. Brown, 187 Ga. 729, 2 S.E.2d 415.

The Court again wishes to emphatically call these cases to the attention of loan companies and others, and their attorneys, who are continually bringing such suits against bankrupt debtors, there being now pending in this Court, in addition to many previously disposed of, twenty-three of such cases, and to express the hope that such notice will be sufficient to end the evil without resort to more stringent measures.

Whereupon, it is considered, adjudged and decreed that respondent, Bennett Trading Company, be, and hereby is permanently enjoined, as prayed in the petition, from further prosecuting said suit filed by it in the said Municipal Court of Atlanta and from in any way attempting to collect its claim or pursuing garnishment proceedings or annoying him with respect thereto.