28096. ATLANTA FINANCE COMPANY *v.* FITZGERALD.

DECIDED MARCH 13, 1940.

*R. R. Jackson,* for plaintiff. *Cecil V. Whiddon,* for defendant. *Victor K. Meador,* for persons at interest, not parties.

STEPHENS, P. J. The Atlanta Finance Company filed suit against C. D. Fitzgerald, to recover damages for an alleged conversion by the defendant of money belonging to the plaintiff. In the petition as amended it is alleged that the defendant is liable to the plaintiff for the conversion of $37.10, wages or salary of the defendant, sold, assigned, and conveyed by the defendant to the plaintiff on May 25, 1939, by virtue of a writing dated that day and signed by the defendant, reciting as follows: "For value received, I sell to Atlanta Finance Company . . $37.10, . . a fund in money owing to me under my contract with my present employer, State Finance Company. This instrument evidences the

sale of the legal title to the particular estate in money herein specified. The fund in money owing and belonging to the" seller "by the . . firm . . to whom this bill of sale is directed. . ." It is further alleged, that by this writing the defendant evidenced the sale to the plaintiff "of his title and right of possession" to the "fund in money described in said writing;" that the plaintiff is duly registered, bonded, and licensed to make the purchase; that the plaintiff relied on the terms stated in the writing, and paid to the defendant "a sum of money agreed to be paid" on that date; that this sum of money sold thereby became the personal property of the plaintiff; that thereafter the defendant collected this sum of money from his employer; that at this time the right of possession was in the plaintiff; that after collecting this "fund in money" the defendant appropriated it to his own use and benefit; that the defendant is in possession of this "fund in money," or personal property, which belongs to the plaintiff; that the defendant after demand refuses to deliver this money to the plaintiff, and that this refusal constitutes a conversion of the personal property of the plaintiff. The petition as amended further alleged as follows: The plaintiff's "first purchase from defendant was on Feb. 18, 1939, wherein plaintiff bought from defendant a wage claim in the sum of $5.70, for which plaintiff paid $5.05 in money, which contract to sell and bill of sale was in manner and form as pleaded in" the petition. "That on March 4, 1939, defendant delivered to plaintiff the $5.70 previously sold and in like manner on the same day sold to plaintiff for $8 a fund then owing him of $8.70, and on March 20th delivered to plaintiff the $8.70 theretofore sold, and in like manner on the same day sold to plaintiff for $10.10 a fund in money of $11.10 then owing, and on the 4th day of April, delivered to plaintiff the $11.10 theretofore sold. And in like manner, on the 4th day of April, defendant sold to plaintiff for $10.10, eleven and ten one-hundredths dollars, of wages then owing to defendant. That on April 19th defendant delivered to plaintiff the $11.10 previously sold. And on the same day sold to plaintiff for $20.10 his wage claim in money then owing to him of $21.60. That on the 16th day of May defendant delivered to plaintiff the $21.60 theretofore sold, and on the same day for $20.10 sold to plaintiff his wage claim of $21.60 in money. That on May 25th defendant delivered to plaintiff the $21.60 theretofore sold, and

on the same day sold to plaintiff for $35.10 his claim for wages $37.10 in money." The petition as amended further alleged as follows: "Plaintiff shows that each of the sales and purchases as next above pleaded were of a part only of the wage estate owing to the seller at the time each sale was made. That the defendant seller was a wage earner, paid by his employer twice a month. That on each pay-day there was a balance owing in a wage estate of one half a month, a part of which as next above pleaded was sold by defendant to plaintiff."

The defendant demurred to the petition as. amended, on the grounds, among others, that it plainly appears therefrom that the plaintiff has not complied with the Code, § 25-319, by giving to the defendant's debtor notice of the assignment, and therefore plaintiff's title to the money assigned is "dead and a valid suit can not be based thereon," and that the written contracts sued on "show on their face to be usurious contracts where more than 8% per annum was charged on a loan of money in a sum less than $300, and also an interest charge of more than 5% per month on the loan." The judge sustained this demurrer and dismissed the action. The defendant excepted and sued out a writ of error to the Supreme Court. That court declined jurisdiction, and transferred the writ of error to this court. *Atlanta Finance Co.* v. *Fitzgerald,* 189 *Ga.* 121 (5 S. E. 2d, 242).

The fact that the plaintiff did not give to the defendant's employer notice of any of the assignments made by the defendant to the plaintiff of the defendant's earned salary or wages, as required by the Code, § 25-319, does not render the assignment sued on unenforceable as between the assignee and the assignor. In *Atlanta Finance Co.* v. *Brown,* 187 *Ga.* 729 (2 S. E. 2d, 415), it appears from the record that the assignor sought to enjoin the assignee from notifying the debtor, the employer of the assignor, on the grounds that if the assignee notified the debtor the assignor would lose his job, and that § 25-319 did not apply to a salary-assignment buyer. The Supreme Court in that case reversed the judgment of the superior court granting an injunction, and in so doing held that § 25-319 applied to salary buyers, such as the defendant in that case. The opinion of the Supreme Court, properly construed, does not hold that it is essential to the validity of the assignment that the assignee give to the debtor the notice required under

this Code section. All that is required by this section is that the assignee, in order to hold the debtor liable, shall give the notice required therein. A failure of the assignee to give such required notice to the debtor, or any notice to the debtor of the assignment, does not affect the validity of the assignment between the assignor and the assignee. In the decision of the Supreme Court in *National Finance Co.* v. *Citizens Loan & Savings Co.*, 184 *Ga.* 619 (192 S. E. 717), the court did not decide or adjudicate that the assignment was invalid between the assignee and the assignor by reason of a failure of the assignee to give to the debtor the notice required by § 25-319. The court was passing on the validity of the assignment only as respects the rights of the assignee against the debtor, and denied the assignee the right to recover against the debtor because of the assignee's failure to give the debtor the required notice. That case was a suit brought by the assignee against the debtor and the assignor, seeking to enjoin the debtor from paying the assignor, and alleging that the assignor was insolvent, and seeking other relief. It was not a suit to collect from the assignor, and did not involve the validity of the assignment as between the assignee and the assignor because of a failure to give the notice required by § 25-319.

In *Portwood* v. *Bennett Trading Co.*, 184 *Ga.* 617 (192 S. E. 217), this court certified to the Supreme Court the following question: "Where A paid to B $20 upon the execution by B of what purported to be an assignment to A of $22 due to B from his employer, payable two weeks later, and where the papers signed by B gave A the right to collect the money from the employer, and reserved no right in B to make the collection, and A made no attempt to collect from the employer, served no notice of the alleged assignment, and made no effort to exercise any dominion or control over the fund allegedly purchased, and made no objection to B receiving the money on his pay-day; and where on such pay-day, after receiving such fund, B had another transaction with A, paying A $22 and simultaneously receiving back $20, the old papers being stamped as settled and new papers being signed, corresponding to the first except as to dates; and where such transaction was repeated on subsequent pay-days, at intervals of two weeks, for a period of four months, A never making any objection to the collection of B by his earnings from the employer and never serving any

notice on the employer of the purported assignments, and B never receiving from A any sum in addition to that received on the first transaction, except that when paying A .$22 at intervals of two weeks he would be handed back $20 which was no part of the currency brought in by B,—can it be said, as a matter of law, that such transactions did not constitute a series of bona fide assignments of wages, but amounted to a loan upon usurious interest, with renewals thereof, and were continued merely as a scheme or device to evade the laws against usury?" The Supreme Court in answer to the question, held: "The facts stated in the certified question, if proved without dispute or qualification, would authorize no inference other than that the 'transactions did not constitute a series of bona fide assignments of wages, but amounted to a loan upon usurious interest, with renewals thereof, and were continued merely as a scheme or device to evade the laws against usury,' and therefore would demand such conclusion as a matter of law. *Jackson* v. *Bloodworth,* 41 *Ga. App.* 216 (152 S. E. 289) ; *Hinton* v. *Mack Purchasing Co.,* 41 *Ga. App.* 823, 825 (155 S. E. 78) ; *Parsons* v. *Fox,* 179 *Ga.* 605 (176 S. E. 642). It follows that the question certified should be answered in the affirmative."

The facts in the present case are clearly distinguishable from those in *Portwood* v. *Bennett Trading Co.,* supra, and that decision is not controlling. In the *Portwood* case the assignor repeatedly assigned the same amount of salary, $22, and the assignee repeatedly paid to the assignor the same amount, namely $20, in payment. It expressly appears in the certified question in that case that the assignor never received from the assignee "any sum in addition to that received on the first transaction." In the case now before the court it appears that on the several occasions when the assignor assigned his salary to the assignee he assigned a larger salary than he had assigned by the previous assignment, and received in payment from the assignee a larger amount than he had received on the previous occasion. It appears that the assignment which is the basis of the present suit was made on May 25, and that on that date the assignor delivered to the assignee $21.60, which was the amount due the assignee by the assignor on a former assignment, and that on that day the assignor sold to the assignee his salary of $37.10 and received from the assignee $35.10 in payment. This was the largest amount in salary which the assignor had sold to the assignee, and

was certainly a larger amount than the salary sold by him to the assignee in the assignment immediately preceding this assignment, which was the salary of $21.60. If these transactions could in any way constitute a loan from the assignee to the assignor, and are not separate and distinct bona fide assignments of salary unrelated to each other, they certainly do not constitute a loan as respects the excess in the amount of salary under the last assignment, which is the basis of the present suit, over the former assignment, which is the difference between $37.10 and $21.60. It therefore can not be said as a matter of law that the series of transactions set out in the petition as amended, including the last assignment, constituted a loan, and that the last assignment, which is the basis of the present suit, was not a bona fide separate and independent sale by the assignor to the assignee.

In *Parsons* v. *Fox*, supra, the Supreme Court held, with respect to a series of salary assignments made practically under the same conditions as appear in the present case, but where it did not appear what the amount was which was assigned at each successive interval, that the auditor "was *authorized* to find that the transaction was a loan upon usurious interest, and not a bona fide sale." (Italics ours.) In *Hanes* v. *Henderson*, 58 *Ga. App.* 475 (199 S. E. 59), it appeared, as in the *Portwood* case, that each successive assignment was for the same amount. In *Franklin Finance Co.* v. *Head*, 58 *Ga. App.* 475 (199 S. E. 59), it appeared that the last assignment, which was the one that was the subject-matter of that suit, and the immediate previous assignment, were in the same amount, namely $22. The other preceding assignments were in amounts less than $22. In these two cases the first division of the Court of Appeals, expressly following *Portwood* v. *Bennett Trading Co.*, supra, held that the series of transactions constituted a loan of money at usurious interest. The facts of these cases are distinguishable from the facts in the present case, in that the assignment as the basis for the suit in each case was in an amount equal to the assignment immediately preceding it. The rule expressed by this court in *Hubbard* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 1 (3) (160 S. E. 639), was as follows: "Although in *Jackson* v. *Bloodworth*, 41 *Ga. App.* 216 (152 S. E. 289), it was held that a series of successive assignments of the assignor's wages, for which the assignee paid only one consideration on the execution of the first assignment,

where the assignor always, with the assignee's acquiescence, collected the wages assigned and converted them to his own use, and settled with the assignee by the execution of a new assignment and the payment of a sum of money, constituted a transaction in which the consideration paid upon the first assignment was a loan of money to the assignor, yet where the indebtedness arising under such a series of assignments had been discharged and the assignor owed the assignee nothing, a subsequent assignment of other wages by the assignor to the assignee, for which the assignee actually paid the assignor the consideration therefor, where this transaction was entirely separate from and in no way connected with the first transaction, and the settlement of the first transaction was not made under any promise or expectation from the assignee that he would make the assignor the advance of money on the last assignment, the inference is at least authorized that the last assignment, standing alone, constituted a bona fide sale of the assignor's salary, and did not, together with the previous assignments, constitute a loan of money, or a scheme or device to evade the laws against usury."

Under the above rulings, and under the authority of *Bell Finance Co. v. Hall,* 180 *Ga.* 567 (179 S. E. 703), the petition as amended, in both counts, which are substantially the same, set out a cause of action for a conversion by the defendant of funds belonging to the plaintiff. See *Hubbard* v. *Bibb Brokerage Co.,* supra. The court erred in sustaining the general demurrer and in dismissing the action. *Judgment reversed. Sutton and Felton, JJ., concur.*