GUNNELS *v.* ATLANTA BAR ASSOCIATION *et al.*

No. 13424. DECEMBER 5, 1940.

*Ezra E. Phillips,* for plaintiff.

*Frank Carter, W. Colquitt Carter,* and *John J. Poole,* for defendants.

REID, Chief Justice. The foregoing statement presents somewhat in detail the case submitted to the judge in the superior court, on which he rendered the judgment complained of. The plaintiff sought to show such an unlawful interference with his business as would authorize an injunction. It seems to be generally recognized that in a proper case a court of equity has the authority to enjoin illegal interference with the right of one to carry on a lawful business. See 28 Am. Jur. § 116 et seq.; 30 Am. Jur. 55, *Employing Printers' Club* v. *Doctor Blosser Co.,* 122 *Ga.* 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. R. 137, 2 Ann. Cas. 694); *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Kinney* v. *Scarbrough,* 138 *Ga.* 77 (74 S. E. 772, 40 L. R. A. (N. S.) 473). It can not be held, however, under this or any other principle that has been brought to our attention, that the judge erred as a matter of law in refusing to issue the injunction prayed for in the present case. The evidence as a whole indicates that the acts and conduct of the defendants are designed to and have as their purpose the better enforcement of the usury laws of this State. They seek to ferret out and expose those engaged in loaning money to small-salaried borrowers at exorbitant rates of interest, to the end that they may be prosecuted. They seek to protect and relieve those who have borrowed money and are being required to pay excessive and illegal charges therefor. They have offered their services to such persons free of charge, to defend against such illegal

exactions and in the institution of actions to recover amounts illegally paid under loan contracts. For all of this they should be commended rather than condemned. It does not appear that the defendants have made any false representations or have published any libelous or slanderous statements to the public concerning the plaintiff. It does appear that they charged that many persons engaged in the business of buying salaries were in fact lending money at usurious rates of interest, and it appears from the evidence that, at least as to the plaintiff, there was some justification for the statement. While the plaintiff alleged that he was engaged in the business of buying salaries and as such was licensed by the State, the county, and the city, and stated in his affidavit in this connection that he "does not lend money but purchases wage accounts," the evidence introduced at the hearing by the defendants clearly indicated that under the guise of purchasing salaries he was actually lending money at grossly usurious rates of interest. No scheme or device has yet been invented, the substantial effect of which is to violate the usury laws of this State, that the courts have not condemned as such. While a bona fide purchase of earned wages is not a loan and is not governed by the laws relating to interest, it has many times been held that what may appear to be an assignment of wages may in substance and in fact be a loan at usurious rates of interest. See *Parsons* v. *Fox,* 179 *Ga.* 605 (176 S. E. 642) ; *Portwood* v. *Bennett Trading Co.,* 184 *Ga.* 617 (192 S. E. 217) ; *Jackson* v. *Bloodworth,* 41 *Ga. App.* 216 (152 S. E. 289) ; *Hinton* v. *Mack Purchasing Co.,* 41 *Ga. App.* 823 (155 S. E. 78) ; *Franklin Finance Cor.* v. *Head,* 58 *Ga. App.* 475 (199 S. E. 59) ; *Hanes* v. *Henderson,* 58 *Ga. App.* 475 (199 S. E. 59). The evidence does not indicate that a single contract of the plaintiff, claimed to have been repudiated as a result of the campaign of the defendants, was a bona fide assignment of salary rather than a loan at usurious interest, which had not been fully paid off by such illegal charges, or that the plaintiff is in fact conducting a bona fide business of purchasing earned wages. The judge may well have concluded that the contrary was true, and it is entirely possible that he was impressed that to issue the injunction sought would be but to lend to the plaintiff the aid of the processes of a court of equity in a continuing violation of the usury laws of this State. Cf. *Griffith* v. *Hapeville,* 182 *Ga.* 333 (2) (185 S. E. 522).

It is not wrongful to induce a repudiation of an illegal contract. 30 Am. Jur. 73, § 21; Dr. Miles Medical Co. *v.* John D. Park & Sons Co., 220 U. S. 373 (31 Sup. Ct. 376, 55 L. ed. 502). Nor was the defendant's offer to represent free of charge persons caught in the toils of the usurious money-lender in defending against such illegal exactions, and to represent them in bringing actions to recover amounts illegally paid under loan contracts, a violation of the Code, §§ 9-405, 9-9902, in reference to the solicitation of legal employment and the offense of barratry. We do not believe that it is true, as contended by counsel for the plaintiff, that the enforcement of the usury laws of this State is a matter solely for the law-enforcement officers and of those from whom usury is being exacted, and that it is illegal and unethical for lawyers to publicly criticize an alleged widespread violation of such laws and to seek to eradicate the evil by the means here shown. Much could be said as to why their position in the community makes it entirely appropriate that they undertake such a movement and assume such responsibilities in reference to the general welfare of the public. We see no reason why the judgment of the learned judge should be disturbed.

*Judgment affirmed. All the Justices concur.*